**BLALOCK PRESCRIPTION CENTER, INC., et al., Appellants,**

v.

**Eva LOPEZ–GUERRA and Sharon Limpach, Appellees.**

No. 13–98–368–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 5, 1998.

Opinion Denying Rehearing April 1, 1999.

---

Susan Elizabeth Burnett, Burgain G. Hayes, Ken Ferguson, Clark, Thomas & Winters, David C. Duggins, Austin, Roger W. Hughes, Tom Lockhart, Adams & Graham, Harlingen, John L. Schouest, Matthew R. Muth, Phelps Dunbar, L.L.P., Houston, S. Vance Wittie, Alan R. Vickery, Michael A. Walsh, Kathryn W. Becker, Strasburger & Price, Dallas, Nora L. Longoria, Shelton & Vladezrs, McAllen, Ellen B. Mitchell, Wallace

B. Jefferson, Crofts, Callaway & Jefferson, P.C., San Antonio, Robert A. Valadez, Shelton, Lotz & Valadez, P.C., San Antonio, Suzanne Baker, Beirn, Maynard & Parson, Tracy C. Temple, Deanna Dean Smith; Carlson, Smith & Rymer, Marvin C. Moos, David P. O'Neal, Carlson & Smith, P.C., Houston, David P. Boyce, Wright & Greenhill, P.C., Brantley Ross Pringle, Wright & Greenhill, P.C., Demaris Gullekson, Brown, Maroney, Rose, Barber & Dye, Kelly M. Nye, Brown, McCarroll & Oaks, Doug Lackey, Jessie A. Amos, Brown, McCarroll & Oaks, Hartline, Stephanie A. Smith, Fulbright & Jaworski, Austin, Stacey A. Martinez, Fulbright & Jaworski, San Antonio, Marc Brian Collier, Marcy Hogan Greer, Fulbright & Jaworski, Austin, for appellants.

Michael T. Gallagher, Fisher, Gallagher & Lewis, Sharon S. McCally, Gallagher, Lewis & Downey, Houston, Preston Henrichson, Law Offices of Preston Henrichson, Edinburg, Juan R. Molina, Weslaco, Daryl L. Moore, Houston, for appellees.

Before HINOJOSA, YANEZ and RODRIGUEZ, JJ.

## OPINION

HINOJOSA, Justice.

This is an accelerated appeal of the trial court's denial of a motion to transfer venue.[1] Appellants, Blalock Prescription Center, Inc.; American Home Products Corporation; Wyeth–Ayerst Laboratories Company, a division of American Home Products Corporation; A.H. Robbins Company, Inc.; Ion Laboratories, Inc.; Interneuron Pharmaceuticals, Inc.; Jones Medical Industries, Inc., as successor to Abana Pharmaceuticals, Inc.; Richwood Pharmaceutical Company, Inc.; Gate Pharmaceuticals, a division of TEVA Pharmaceuticals, USA, Inc.; H.E. Butt Grocery ("H.E.B."); SmithKline Beecham Corporation; and C. Jennis Tucker, M.D.,[2] contend that venue is not proper in Hidalgo County, Texas as to appellee, Sharon Limpach, because she did not establish venue independently of appellee, Eva Lopez–Guerra, as required by section 15.003(a) of the civil practice and remedies code. Because we agree with appellants, we reverse and remand.

### A. Factual Background

Appellees, Sharon Limpach and Eva Lopez–Guerra, sued appellants for alleged injuries resulting from the use of the prescription drugs phentermine, fenfluramine,[3] and dexfenfluramine,[4] commonly known as "fen/phen" or diet drugs. Medeva Pharmaceuticals, Inc., Fisions Corporation, Walmart Stores, Inc., and Michael T. Jelinek, M.D. were also sued by appellees but are not part of this appeal. Appellees alleged causes of action for products liability, negligence, and breach of express and implied warranties in the manufacture, sale, and distribution of these three drugs.

Lopez–Guerra resides in Hidalgo County. Dr. Jelinek resides and prescribed phentermine and dexfenfluramine in Hidalgo County for Lopez–Guerra's weight condition. Lopez–Guerra purchased the drugs from Walmart and H.E.B. stores in Hidalgo County. Lopez–Guerra was subsequently treated in Hidalgo County for alleged side effects of the drugs.

Limpach previously resided in Harris County, but now resides in Hays County. Dr. Tucker resides in Harris County. Dr. Tucker prescribed phentermine and fenfluramine for Limpach in Harris County, and Limpach purchased the drugs at Blalock Prescription Center, a Harris County business. Limpach was subsequently treated for alleged side effects by physicians located in Hays and Travis Counties. Limpach did not know Lopez–Guerra until the lawsuit was filed in Hidalgo County.

---

1. Tex. Civ. Prac & Rem.Code Ann. § 15.003(c) (Vernon Supp.1998).

2. Ion Laboratories, Inc., Interneuron Pharmaceuticals, Inc., Jones Medical Industries, Inc., as a successor to Abana Pharmaceuticals, Inc., and

Richwood Pharmaceutical Company, Inc. have been dismissed from this appeal.

3. Also known as Pondimin.

4. Also known as Redux.

Appellees asserted in the trial court that venue is proper in Hidalgo County because all or a substantial part of the events giving rise to the claims occurred in Hidalgo County. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a)(1) (Vernon Supp.1998). They further asserted that all parties are properly joined, no party is prejudiced by venue in Hidalgo County, there is an essential need to have their claims tried in Hidalgo County, and Hidalgo County is a fair and convenient venue for all parties. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a) (Vernon Supp. 1998).

Appellants specifically denied appellees' venue allegations. Claiming that Limpach could not establish venue in Hidalgo County under section 15.002, and that she did not independently establish venue for joinder under section 15.003(a), appellants moved the trial court to strike or sever Limpach's claims from those of Lopez–Guerra and to transfer Limpach's causes of action to one of several counties, including Harris County. Over appellants' objections, the trial court, without a hearing, denied the motions to transfer venue and overruled appellants' objections to the joinder of Limpach. In a subsequent order, the trial court overruled all objections raised by appellants to affidavits and other proof offered by appellees in support of the joinder.

## B. SECTION 15.003

### 1. *Standard of Review*

The issue before us is whether Limpach could properly join the lawsuit filed by Lopez–Guerra in Hidalgo County. To decide this issue, we make an independent determination from the record. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)(1) (Vernon Supp. 1998). We do not consider whether the trial court abused its discretion, nor do we consider whether substantial evidence supports the trial court's decision. *See id.*

### 2. *Independently Establishing Venue*

█ Each plaintiff in a lawsuit must establish venue independently of any other plaintiff. TEX. CIV. PRAC. & REM.CODE ANN.

§ 15.003(a). This may be accomplished by satisfying a mandatory or permissive venue provision, neither of which are applicable in this case, or by establishing venue under the general rule found in section 15.002. TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a) (Vernon Supp.1998). The general venue rule provides:

### § 15.002. Venue: General Rule

(a) Except as otherwise provided by this subchapter or Subchapter B[5] or C[6], all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivision (1), (2), or (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

*Id.*

Limpach cannot satisfy the requirements of section 15.002. As we stated above, none of the events giving rise to Limpach's claims occurred in Hidalgo County. The drugs were prescribed and purchased in Harris County, and Limpach was treated for the alleged side effects in Hays and Travis counties, not Hidalgo County. Limpach admits she did not take the drugs in Hidalgo County. The only natural person Limpach is suing, Dr. Tucker, resided in Harris County at the time the cause of action accrued, and no *corporate defendant had its principal office in* Hidalgo County. When the drugs were prescribed and purchased, Limpach resided in Harris County. She now resides in Hays County. In order for Limpach to remain in Hidalgo County, she must establish that joinder is proper under the alternative method provided in section 15.003.

---

**5.** Mandatory provisions.

**6.** Permissive provisions.

### 3. *Alternative Method*

Section 15.003 provides that a person who is unable to establish proper venue may join a suit as a plaintiff only if that person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a). Limpach had the burden of establishing each of the above-listed four elements, independently of Lopez–Guerra. *See Id.* § 15.003(b). Limpach's general and factually unsupported venue allegation that "all parties are properly joined, no party is prejudiced by venue in Hidalgo County, there is an essential need to have the Plaintiff's claims tried in Hidalgo County, and it is a fair and convenient venue for all parties" was specifically denied by appellants.

### 4. *Prima Facie Proof*

All properly pleaded venue facts are taken as true unless specifically denied by an opposing party. TEX.R. CIV. P. 87(3)(a). When facts are specifically denied, the venue proponent must make prima facie proof of the denied facts. *Id.* Prima facie proof consists of properly pleaded venue facts along with filed affidavits and duly proved attachments to the affidavits that fully and specifically set forth the facts supporting such pleading. *Id.; see also* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986) (venue determinations shall be made from the pleadings and affidavits).

Affidavits must be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify. TEX.R. CIV. P. 87(3)(a). Deposition transcripts, responses to requests for admission, answers to interrogatories, and other discovery products containing information relevant to a venue determination may be considered by the trial court if they are attached to, or incorporated by reference in an affidavit of a party, a witness, or an attorney who has knowledge of such discovery. TEX.R. CIV. P. 88. The trial court must determine proper venue from the pleadings, stipulations, affidavits, and attachments that are filed in accordance with rules 87(3)(a) and 88. TEX.R. CIV. P. 87(3)(b).

Because we must conduct an independent review, the record will consist of all documents which comply with rules 87(3)(a), (b) and 88. *See Abel v. Surgitek,* 975 S.W.2d 30, 36–38 (Tex.App.—San Antonio pet. pending). We do not engage in a fact finding review by assessing the credibility of the affiants. *See id.* However, if the affidavits and attachments are challenged, we must determine whether they comply with the rules of civil procedure.

Regardless of whether she properly pleaded her venue facts, because the facts were specifically denied, Limpach had to establish, by prima facie proof, the four elements of section 15.003(a). Appellees attempted to do this by filing the following documents:

(1) Plaintiffs' Response to Defendant Blalock Prescription Center, Inc.'s Motion to Transfer Venue, which included, as exhibits, a copy of *In re Drugs,* 990 F.Supp. 834, (Judicial Panel on Multidistrict Litigation, 1998), the affidavit of Sharon McCally (one of appellees' attorneys), and a copy of federal venue rule 28 U.S.C. 1407.

(2) Plaintiffs' Consolidated Response to Defendants' Motion to Transfer Venue, which included the affidavits of Eva Lopez–Guerra, Michael T. Gallagher (another of appellees' attorneys), and Bonnie Sanders (the research director for *Blue Sheets* ). As exhibits, appellees attached copies of two Texas appellate court decisions discussing section 15.003 and discovery information obtained from American Home Prod-

ucts Corporation and Blalock Prescription Center, Inc.

(3) Plaintiffs' Supplemental Consolidated Response to Defendants' Motion to Transfer Venue. As exhibits, appellees attached copies of appellants' motions to consolidate for pretrial proceedings, several discovery items, and H.E.B.'s yellow page listing for Hidalgo County. No affidavits were attached to this supplemental response. Other than listing the exhibits and stating that they were to provide additional support for venue in Hidalgo County, the brief supplemental response did not reference the documents or explain their relevance in establishing venue facts.

Appellants contend that appellees have not met their burden to establish, by prima facie proof, that joinder is proper as to Limpach. Appellants contend the affidavits filed in support of appellees' responses are improper because they are conclusory, devoid of specific venue facts, not made on personal knowledge, and in some instances, irrelevant or based on hearsay. Appellants also question whether appellees' attorneys are competent to make affidavits in this case because they cannot testify for appellees on contested issues. *See* Tex.R. Disciplinary P. 3.08, *reprinted* in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon Supp.1998). Appellants further contend that many of the discovery documents attached to appellees' responses are not duly proven because they are not authenticated or attached to or incorporated by reference in affidavits. We note these complaints and will consider them as we evaluate Limpach's proof for each element of section 15.003.

### C. Joinder Under Rules of Civil Procedure

■ The first element of section 15.003 requires Limpach to establish that joinder is proper under the rules of civil procedure. Appellees do not claim that Limpach is a person needed for just adjudication of the claims filed in Hidalgo County. *See* Tex.R. Civ. P. 39. Therefore, we look to rule 40, which allows permissive joinder. *See* Tex.R. Civ. P. 40. Rule 40 provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

*Id.* Limpach does not seek relief from all of the appellants, jointly or severally. Therefore, whether the language "in respect of or arising out of the same transaction" describes the words "jointly, severally, or in the alternative," as the San Antonio Court of Appeals has held, *see Abel,* 975 S.W.2d 30, at 38–39, or is an alternative method for seeking relief as this Court has held, *see Surgitek v. Adams,* 955 S.W.2d 884, 890 (Tex.App.— Corpus Christi 1997, pet. pending), Limpach had to prove her entitlement to relief arose from the same transaction(s) or occurrence(s) as that of Lopez–Guerra.

■ Because rule 40 does not explain "same transaction or occurrence," we must look to other sources for its application. The Texas rule is equivalent to the federal rule, and extensive federal caselaw applies the "logical relationship" test in determining if joinder is proper. *See Abel,* 975 S.W.2d 30, at 38–39 (citing *Moore v. New York Cotton Exch.,* 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). When considering whether a counterclaim is compulsory, Texas courts have applied the "logical relationship" test to determine if a claim arises out of the same transaction or occurrence. *Jack H. Brown & Co. v. Northwest Sign Co.,* 718 S.W.2d 397, 400 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Under this test, a transaction is flexible, comprehending a series of many occurrences logically related to one another. *Abel,* 975 S.W.2d 30, at 38–39; *Jack H. Brown & Co.,* 718 S.W.2d at 399; *Tindle v. Jackson Nat'l Life Ins. Co.,* 837 S.W.2d 795, 798 (Tex.App.—Dallas 1992, no writ). To arise from the same transaction, at least some of the facts must be relevant to both claims. *Jack H. Brown & Co.,* 718 S.W.2d at 400; *Tindle,* 837 S.W.2d at 798.

Texas courts have also addressed the question of "same transaction or occurrence" in the context of consolidation. To consolidate

cases, a trial court must determine whether the actions relate to substantially the same transaction, occurrence, subject matter, or question, and whether they are so related that evidence presented will be material, relevant, and admissible in each case. *Excel Corp. v. Valdez*, 921 S.W.2d 444, 448 (Tex. App.—Corpus Christi 1996, mand. overr.); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737–38 (Tex.App.—Houston [1st Dist.] 1992, writ denied);. see also *Alice Nat'l Bank v. Corpus Christi Bank & Trust*, 431 S.W.2d 611, 624 (Tex.Civ.App.—Corpus Christi 1968), *aff'd*, 444 S.W.2d 632 (Tex. 1969). Although cases may involve common issues of law, if they each stem from distinct factual scenarios that would tend to confuse or prejudice the jury, consolidation may not be proper. *See Excel Corp.*, 921 S.W.2d at 448; *Alice Nat'l Bank*, 431 S.W.2d at 615–16. We conclude the "logical relationship test" and the "test for proper consolidation" are the same and, therefore, apply them to this case.

As evidence that their claims arise from the same transaction or occurrence, appellees offer the affidavits of attorneys McCally and Gallagher. These affidavits, essentially mirror images of each other, state that appellees are asserting the same right to relief, *i.e.*, compensation for negligent design, manufacture, and distribution of "fen/phen." They also state the evidence will be the same for each plaintiff, and that the plaintiffs will show their claims arose from the same transactions or occurrences, namely the design, manufacture, and marketing of these drugs.

While the claims for relief may be the same, the conclusory statements about the evidence and speculation concerning what the plaintiffs will show are, without supporting facts, nothing more than restatements of appellees' pleadings, which were specifically denied. When the pleadings are considered, we find the women, who resided in different counties, were seen by different doctors, who prescribed different combinations of drugs that were produced by different manufacturers. The prescriptions were filled by different pharmacists over different periods of time. Limpach's injuries were significantly greater than those of Lopez–Guerra. Al-

though the claims may share common questions of law regarding negligence and products liability, the distinct factual scenarios are not logically related. Thus, we conclude the claims do not arise out of the same transaction or occurrence and joinder under Rule 40 is not proper.

Because we have determined that Limpach's joinder in the Hidalgo County suit is not proper under the rules of civil procedure, we need not review the remaining three elements of section 15.003. Tex.R.App. P. 47.1. Nevertheless, we will review them in the interest of justice.

### D. UNFAIR PREJUDICE

■ Limpach had to establish that maintaining venue in Hidalgo County does not unfairly prejudice another party to the suit. Appellees again offered the affidavits of McCally and Gallagher to establish this requirement. Both affidavits state that defendants will not be prejudiced because "witnesses who are outside the subpoena power of Hidalgo County will also be outside the subpoena power of Harris County." Because names and addresses of witnesses are not provided, and no reference is made as to where this information might be found, we conclude the statements are conclusory and do not establish lack of unfair prejudice.

In response to Blalock Prescription Center's motion to transfer, McCally stated in her affidavit:

maintenance of this action in Hidalgo County will not work an injustice to Blalock. To date, Blalock has not disclosed any information concerning an economic or personal hardship.

McCally provided information on airfares, car rentals, and lodging for the estimated two week duration of the trial. The affidavit states McCally obtained the information by calling airlines, car rental agencies, and hotels.

Blalock specifically denied that venue was proper in Hidalgo County as to Limpach and is not required to establish economic or personal hardship. Furthermore, McCally's affidavit testimony concerning costs Blalock might incur during the course of the trial is

hearsay and is not admissible. Because no other evidence was offered to establish this element, we conclude Limpach failed to establish that no defendant would be unfairly prejudiced if venue was maintained in Hidalgo County.

### E. *Essential Need*

■ Limpach also had to establish that she had an essential need to have her claim heard in Hidalgo County. Appellees offered the affidavits of Lopez–Guerra, McCally, and Gallagher to establish this element. Lopez–Guerra's affidavit of her essential need is not relevant evidence to establish Limpach's need because Limpach must establish her need independently.

Gallagher's affidavit states:

I have a significant amount of experience preparing and trying cases involving multiple plaintiffs. In this case, there is an essential need to maintain plaintiffs' suit in Hidalgo County, because if plaintiffs' claims cannot be joined in Hidalgo County, then plaintiffs' ability to pursue their causes of action will be severely compromised. Specifically, the only way in which plaintiffs can adequately prosecute their claims is by combining resources to cover litigation costs and expenses, including expert witness fees, deposition costs, etc. If plaintiffs' claims cannot be tried together, and plaintiffs are forced to prosecute their claims individually, they will effectively be denied access to the courts.

With the exception of the first line, McCally's affidavit on this issue is the same.

Gallagher's and McCally's affidavits do not specifically address Limpach's needs or why those needs cannot be met in a county of proper venue. Instead, they speak generally about the needs of both plaintiffs. We do not believe the legislature intended that such general, factually unsupported statements could satisfy a plaintiff's burden to independently establish essential need for joinder.

Limpach did not provide any evidence showing why it is essential for her to join the Hidalgo County suit, as opposed to filing her own suit in Harris County or some other county closer to where the events forming

the basis of her claim occurred. Documents offered into evidence by appellees show that similar lawsuits have been filed in Harris County and other counties in that general area. We conclude Limpach has not met her burden to establish an essential need for joining Lopez–Guerra's lawsuit in Hidalgo County.

### F. FAIR AND CONVENIENT

■ Limpach also had to establish that Hidalgo County is a fair and convenient venue for all parties. We have held that the evidence establishing absence of unfair prejudice will generally establish fairness and convenience. *Adams,* 955 S.W.2d at 891; *see also Abel,* at 41–42. However, in this case, appellees did not establish the absence of unfair prejudice. Therefore, we must determine whether any other evidence establishes fairness and convenience.

■ Limpach attempted to satisfy her burden of establishing that Hidalgo County is a fair and convenient venue for all parties through the affidavits of Bonnie Sanders, McCally, and Gallagher. Sanders' affidavit reports the results of research she conducted to determine the outcome of civil trials in Hidalgo County. Her results showed that one-half of verdicts are for plaintiffs and the other one-half are for defendants. This information, however, is not relevant to the issue of whether venue is fair and convenient for all parties.

The affidavits of McCally and Gallagher state:

Hidalgo County is a fair and convenient forum for both plaintiffs and defendants, and defendants have never specifically argued why it is either unfair or inconvenient. A transfer to any other county in Texas would not be more convenient for the witnesses than Hidalgo County is, and the parties' access to proof in this case is as convenient in Hidalgo County as it is in any other Texas County.

The defendants do not have the burden to establish unfairness or inconvenience. We find the above statement is conclusory and unsupported by any specific facts. No witnesses are named, and the affidavits do not

show why the parties' access to proof in Limpach's case is as convenient in Hidalgo County as it would be in Harris County or any other county where venue might be proper. We conclude Limpach did not establish that venue in Hidalgo County would be fair and convenient for all parties.

We hold that Limpach did not satisfy her burden of establishing, by prima facie proof, the four elements of section 15.003(a) independently of Lopez–Guerra. We further hold Limpach may not join the Hidalgo County suit filed by Lopez–Guerra.

We sustain appellants' issue. In light of our disposition of this issue, we need not address the remaining issues. TEX.R.APP. P. 47.1.

We reverse the trial court's order denying appellants' motion to transfer venue. We remand this case to the trial court for further proceedings consistent with this opinion.

### ON MOTION FOR REHEARING

Appellees have filed a motion for rehearing in this case. After reviewing the motion and our original opinion, we find the motion for rehearing should be denied, but that two corrections should be made to our original opinion.

The first sentence of the original opinion describes this case as "an accelerated appeal of the trial court's denial of a motion to transfer venue." This description is not correct. Accordingly, the first sentence of the opinion is ordered changed to:

> This case is an accelerated appeal of the trial court's denial of a motion to strike joinder or intervention of a person who cannot independently establish proper venue brought pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp. 1998).

In the final paragraph of the opinion, we reversed "the trial court's order denying appellants' motion to transfer venue." Because this case is not an accelerated appeal of the trial court's denial of a motion to transfer venue, this sentence is ordered changed to:

We reverse the trial court's order denying appellants' motion to strike the joinder or intervention of Sharon Limpach.

Appellees' motion for rehearing is denied.