**AMERICAN HOME PRODUCTS CORPORATION and Wyeth–Ayerst Laboratories Division of American Home Products Corporation, Appellants,**

v.

**Teresa BERNAL, et al., Appellees.**

**No. 13–99–089–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 21, 1999.

David C. Duggins, Susan Elizabeth Burnett, Marnie Ann McCormick, Clark, Thomas & Winters, Austin, Eduardo R. Rodriguez, Jaime Saenz, Rodriguez, Colvin & Chaney, Brownsville, Bill Murray, Bethany Matz, Williams & Connolly, Washington, DC, for appellant.

J. Donald Bowen, Helm, Pletcher, Hogan & Bowen, Sharon S. McCally, Michael Y. Saunders, J. Scott Nabers, Helm, Pletcher, Bowen & Saunders, Daryl L. Moore, Moore & McCally, Houston, for appellee.

Before Justices DORSEY, YAÑEZ, and CHAVEZ.

## OPINION ON REHEARING

DORSEY, Justice.

On original submission of this interlocutory appeal we affirmed the decision of the trial court holding that joinder of the various plaintiffs was proper. On motion for rehearing appellant brings to our attention the recent opinion of the Texas Supreme Court in *Surgitek, Bristol–Myers Squibb Co. v. Abel,* 997 S.W.2d 598 (Tex.1999), which affects our disposition of this appeal. Accordingly, we grant rehearing and reverse the decision of the court below because of the elucidation of the applicable law by the supreme court in *Surgitek.* Our prior opinion is withdrawn.

This is an interlocutory, accelerated appeal from the trial court's denial of appellants' motion to transfer venue containing a challenge to the propriety of joinder of plaintiffs who reside outside the county where the suit is pending. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.1999) (permitting interlocutory appeal of joinder decisions) and *Surgitek,* 997 S.W.2d at 601–602. American Home Products Corporation and its subsidiary Wyeth–Ayerst Laboratories (collectively, "AHP") contend that venue is not proper in Cameron County, Texas, for seventeen nonresident appellees because they failed to independently establish venue as required by civil practice and remedies code section 15.003(a).

Twenty plaintiffs brought suit against nineteen defendants in Cameron County, Texas, alleging injuries from the prescription diet drugs popularly known as

"fen/phen."[1] Of the twenty plaintiffs, only Teresa Bernal resides in Cameron County; of the remainder, sixteen live in Utah, one in Illinois, one in Tarrant County, Texas, and one in Hidalgo County, Texas. AHP challenged venue for all of the plaintiffs, contending even Bernal had not shown Cameron County was proper as to her claim and suggesting that either Dallas or Tarrant County would be proper because these counties were home to two of the defendants' principal places of business. AHP also objected to the joinder of the foreign plaintiffs in the Cameron County lawsuit.

The seventeen foreign plaintiffs, in addition to the Tarrant County plaintiff, Berlene Buckingham, each alleged joinder was proper pursuant to the exception to the general venue provision found in civil practice and remedies code section 15.003. The trial court denied AHP's motions to transfer venue and opposing joinder. AHP appeals only that portion of the trial court's order relating to the joinder of the eighteen foreign plaintiffs under section 15.003.

The issue is whether appellees showed they were properly joined in the Cameron County lawsuit. Texas Civil Practices and Remedies Code section 15.003, which governs multi-plaintiff lawsuits, provides:

(a) In ·a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

. . .

(c) . . . The court of appeals shall:

(1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard;

. . . .

Tex.Civ.Prac. & Rem.Code Ann. § 15.003 (Vernon Supp.1999).

## Scope of Review

The Texas Supreme Court recently expounded upon the statutory standard of review and burden of proof to be applied to interlocutory appeals of joinder decisions under 15.003(c). *See Surgitek*, 997 S.W.2d at 601–603. Before the trial court even reaches the joinder elements, it first has to determine whether a plaintiff can independently establish proper venue. *Id.* at 602. If the plaintiff offers prima facie proof that venue is proper from "ordinary venue proof" (*i.e.*, through pleadings and affidavits), the inquiry is over because 15.003(a) makes the section applicable only to a plaintiff who is unable to establish proper venue. *Id.*; Tex.Civ.Prac. & Rem. Code § 15.003(a). If plaintiff is unable to establish proper venue, she then bears the burden to offer prima facie proof on the four elements in 15.003(a) before she can join the suit. At that point, if the defendant offers no rebuttal evidence, the inquiry is over. *Surgitek*, 997 S.W.2d at 603.

However, the court pointed out that the four elements a plaintiff must establish

---

1. Fen/phen stands for those drugs generically known as fenfluramine, dexfenfluramine, and phentermine: dieting aids.

under 15.003(a) do not lend themselves readily to the prima facie standard applied in venue hearings, and thus, the defendant must be afforded the opportunity to rebut the plaintiff's prima facie proof. *Id.* Accordingly, the court held that the trial court has discretion to allow a broader range of proof in making a 15.003(a) joinder determination that it would in a venue hearing. *Id.* Specifically, a trial court may allow the parties to offer testimony and may order limited discovery on the joinder elements if the trial court believes it would be useful to its determination. *Id.*

To the extent that a defendant's joinder evidence rebuts the plaintiff's prima facie proof on any of the joinder elements, a trial court has discretion to consider all available evidence to resolve any disputes that the parties' proof creates. A trial court's decision to limit the scope of evidence is an abuse of discretion only if a party is materially prejudiced by its inability to offer further proof.

■ The court of appeals, then, should conduct a de novo review of the entire record to determine whether a trial court's section 15.003(a) joinder determination was proper. *Id.* at 603. The court of appeals is not constrained solely to review the pleadings and affidavit, but should consider the entire record, including any evidence presented at the hearing. *Id.* However, the court of appeals reviews a party's contention that it was improperly denied the opportunity to present further proof at a joinder determination under the abuse of discretion standard. *Id.*

### JOINDER

■ We now turn to the question of whether the plaintiffs who cannot independently establish venue in Cameron County satisfy the four-part test set out in section 15.003(a). That is, can they each independently establish: (1) joinder is proper under the rules of civil procedure; (2) no unfair prejudice; (3) essential need; and (4) the county of suit is a fair and convenient venue for the joining plaintiff and the

defendants. *See* Tex.Civ.Prac. & Rem.Code Ann. § 15.003(a) (Vernon Supp.1999).

We find that the foreign plaintiffs' have failed to establish an essential need to have their claims tried in Cameron County under the guidelines set forth in *Surgitek.* To show an essential need, appellees introduced the affidavit of their attorney, who stated:

10. Plaintiffs have joined together in this lawsuit for the purpose of achieving mutual support. Plaintiffs have and will derive a significant economic benefit from joining in this lawsuit in Cameron County, Texas.

11. For example, Plaintiffs have conducted paper discovery. Plaintiffs jointly served one set of discovery on Defendant American Home Products. Plaintiffs have jointly prepared and served discovery on other defendants. Plaintiffs enjoyed an economic benefit from filing one rather than twenty sets of discovery on Defendants. Moreover, Defendants enjoyed an economic benefit from answering one rather than twenty sets of discovery from Plaintiffs.

12. Plaintiffs have conducted and are continuing oral discovery. Specifically, counsel for Plaintiffs have attended the depositions of the following representatives of American Home Products: [list of thirteen names].

Plaintiffs enjoyed an economic benefit from taking these depositions once rather than twenty separate times. Moreover, Defendant American Home Products enjoyed an economic benefit from presenting these witnesses in Pennsylvania once rather than twenty times—an easing of a potential hardship which was specifically requested by Defendant American Home Products **because all of these witnesses reside outside of Texas.** (emphasis in original).

13. Through discovery, Defendant American Home Products has produced in excess of 1.3 million documents in connection with this case. Plaintiffs

have enjoyed the economic benefit of my reviewing those documents once rather than twenty times.

The affidavit goes on for eight paragraphs, to state that appellees will benefit by joinder through consolidation of his preparation of evidence, his review of the pleadings, and his selection of expert witnesses, each with a savings resulting from a division of costs.

■ However, the Texas Supreme Court has expressly rejected the contention that a need to pool resources amounts to an "essential need" as contemplated by section 15.003(a)(3). *Surgitek*, 997 S.W.2d at 604. The court pointed out that the essential need component of the test must be tied to the specific county where the suit is filed. *Id.* That is, the plaintiffs seeking joinder must show a compelling reason why they must be joined in that county, and not merely that they have an "essential need" to join with the other plaintiffs in order to pool resources. *Id.* Otherwise, the plaintiffs have an alternative that makes their "need" not essential: they may sue in the county of the defendants' residence. There, venue will be proper for all plaintiffs, and they will be able to attain the benefit of pooling their resources. As we read *Surgitek*, unless the plaintiffs can establish some reason they all have an essential need to try the suit in Cameron County—other than the fact that a lawsuit is already going on in that county—their argument on "essential need" must fail. *Surgitek*, 997 S.W.2d at 604. Rather, in order to meet that prong of the test, a plaintiff seeking joinder must show a need for joining in the county where suit is pending such that is "indispensably necessary" or such that the plaintiff "cannot do without it." *Id.* We do not find plaintiffs' evidence establishes such an essential need.

Accordingly, we do not reach the questions of propriety of joinder under the rules of civil procedure, unfair prejudice, or whether trial in Cameron County would be fair and convenient. We reverse the trial court's order insofar as it denies appellant's challenge to the joinder of the nonresident plaintiffs and remand this cause to the trial court for further proceedings consistent with this opinion.