COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

                                   NUMBER
13-02-021-CV

 

JOHN M. O=QUINN, JOHN M. O=QUINN, P.C. 

D/B/A O=QUINN & LAMINACK, JOHN M. O=QUINN 

AND ASSOCIATES, L.L.P., AND JOHN M. O=QUINN 

LAW FIRM, P.L.L.C.,                                                           Appellants,

 

                                                   v.

 

BENJAMIN
HALL,                                                              Appellee.

___________________________________________________________________

 

                        On
appeal from the 370th District Court

                                  of
Hidalgo County, Texas.

__________________________________________________________________

 

                                   NUMBER
13-02-172-CV

 

IN
RE:  JOHN M. O=QUINN,
JOHN M. O=QUINN,
P.C. 

D/B/A
O=QUINN
& LAMINACK, JOHN M. O=QUINN 

AND
ASSOCIATES, L.L.P., AND JOHN M. O=QUINN 

LAW FIRM, P.L.L.C.,                                                           Relators.

___________________________________________________________________

 

                            On
Petition for Writ of Mandamus.

__________________________________________________________________








                                   O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 

This is an accelerated, interlocutory appeal under section
15.003(c) of the Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.003(c)
(Vernon Supp. 2002).[1]  Appellants, John M. O=Quinn &
Associates, L.L.P., John M. O=Quinn, P.C.
d/b/a/ O=Quinn &
Laminack, John M. O=Quinn, and John
M. O=Quinn Law Firm,
P.L.L.C., (O=Quinn), appeal
from the trial court=s order denying
O=Quinn=s motion to
transfer venue, and concluding joinder of appellee, Benjamin Hall, III, in the
Hidalgo County lawsuit is proper.  Id.
'
15.003(a).  We reverse and remand to the
trial court for proceedings consistent with this opinion.

I.  Facts








The City of Mercedes, on behalf of itself and all other
similarly situated cities (the City), filed an original petition seeking to
recover damages from certain utility and energy companies for their
unauthorized use of public land and rights of way.[2]  John M. O=Quinn & Associates, L.L.P. (formerly
John M. O=Quinn, P.C.),
filed a petition in intervention seeking to enforce the City=s power of attorney
and a contingent fee contract the City had allegedly entered into with John M.
O=Quinn, P.C., in
the event of future recovery from the utility and energy companies.  O=Quinn did not
name Hall as a party to its intervention action or assert claims against Hall.

Hall filed an intervention against John M. O=Quinn &
Associates, L.L.P. (O=Quinn &
Associates), seeking a division of the same contingent fee contract.  He also filed a cross-claim against all O=Quinn parties
asserting claims that arose from the terms of his employment with one or more
of the O=Quinn parties.[3]  By his cross-action against O=Quinn, Hall
asked for an accounting, and sought damages for breach of contract; quantum
meruit and unjust enrichment; fraud, fraudulent inducement and accounting
fraud; and conversion.  Hall also filed a
plea in abatement in Hidalgo County asking the court to enjoin a proceeding against
Hall and an additional party in Brazoria County, filed by some, but not all, of
the O=Quinn parties.








O=Quinn &
Associates answered Hall=s claims,
subject to its motion to transfer venue that specifically denied Hall=s venue
allegations.  The remaining O=Quinn parties
answered and incorporated, adopted, and joined in the transfer motion and all
related briefing.  In its motion to
transfer venue, O=Quinn asserted
venue was mandatory in Brazoria County pursuant to section 15.012 of the Texas
Civil Practice and Remedies Code because Hall sought to enjoin further
proceedings in that county.  Tex. Civ. Prac. & Rem. Code Ann. ' 15.012 (Vernon
1986).  O=Quinn also asserted Hall (1) could not
establish venue of his claims in Hidalgo County, independently of other
plaintiffs, and (2) had failed to sustain his burden to establish the joinder
elements as set out in section 15.003.  See
id. '' 15.002 &
15.003(a).  O=Quinn moved to
strike Hall=s claims and to
transfer Hall=s causes of
action to Brazoria County.

On October 12, 2001, the trial court denied O=Quinn=s motion to
transfer venue in its entirety, including its request to strike Hall=s claims, and
concluded venue of Hall=s cross-claim
against O=Quinn was
proper in Hidalgo County.  O=Quinn seeks
relief from that order.[4]

II.  Jurisdiction

A.  Hall=s Motion to
Dismiss








Hall has filed a motion to dismiss this appeal for want of
subject matter jurisdiction.  See Tex. R. App. P. 42.3(a).  He contends this Court lacks jurisdiction to
consider O=Quinn=s appeal from
the trial court=s October 12,
2001, order because the ruling is only a determination of venue, and no
interlocutory appeal can be had from  a
venue order.  See Tex. Civ. Prac. & Rem. Code Ann. ' 15.064(a)
(Vernon 1986) (no interlocutory appeal shall lie from trial court=s general venue
determination).  However, section
15.003(c) expressly authorizes an interlocutory appeal to contest a trial court=s intervention
or joinder decision, when the party seeking such joinder is unable to
independently establish proper venue. Id. ' 15.003(c).  Furthermore, A[w]hen the trial court=s order
necessarily determines an intervention or joinder issue under section
15.003(a), section 15.003(c) plainly allows for either party to contest that
decision by taking an interlocutory appeal.@  Am.
Home Prods. Corp. v. Clark, 38 S.W.3d 92, 96 (Tex. 2000) (ASection 15.003
is not a venue statute; it is a joinder statute@).

By its motion, O=Quinn requested
relief under section 15.003.  See Tex. Civ. Prac. & Rem. Code Ann. '
15.003(a).  O=Quinn asserted
Hall could not, independently, establish proper venue pursuant to the general
venue statute, section 15.002.   See
id. '' 15.002,
15.003(a).  O=Quinn further
contended Hall failed to sustain his burden of establishing the four joinder
factors required by section 15.003(a) for one who could not establish venue
independently of other plaintiffs.  See
id. '
15.003(a).  O=Quinn asked the
trial court to strike Hall=s claims on
that basis.








The October 12 order not only denied O=Quinn=s motion to
transfer venue, but also, by finding venue proper, denied O=Quinn=s request to
strike Hall=s claims.  Because the trial court=s order was
necessarily predicated on its decision about the propriety of Hall=s intervention
and joinder under section 15.003(a), O=Quinn properly
perfected its appeal of the intervention and joinder issues pursuant to section
15.003(c).  Am. Home Prods. Corp.,
38 S.W.3d at 96.

Hall further contends, by his motion to dismiss, that O=Quinn=s appeal of
Hall=s claim is
untimely because the trial court permitted his intervention on August 21, 2001,
when it signed a temporary injunction order enjoining the prosecution of O=Quinn=s lawsuit in
Brazoria County.[5]  Our review of the record reveals Hall
confined the issues in his request for injunctive relief to anti-suit
injunctions and dominant jurisdiction. 
The court converted its prior temporary restraining order into a
temporary injunction for reasons related to dominant jurisdiction.  Consequently, in August 2001, no ruling was
requested or made in the temporary injunction order regarding intervention
issues.  The time for perfecting this
appeal of Hall=s claim would
not have run from the signing of that order on August 21, 2001.








Apparently relying on section 15.005, Hall also asserts that a
defendant who has been joined is not permitted to take an interlocutory appeal
to contest its joinder in the action.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 15.005 (Vernon
Supp. 2002) (in suit where plaintiff establishes proper venue against
defendant, court has venue of all defendants in claims or actions arising from
same transaction, occurrence, or series of transactions or occurrences).  We agree section 15.005 does not provide for
interlocutory appeals by multiple defendants. 
See Labrador Oil Co. v. Norton Drilling Co., 10 S.W.3d 717, 718
(Tex. App.BAmarillo 1999,
no pet.).  However, section 15.005 does
not apply in this case.  O=Quinn is
appealing the joinder determination of Hall=s claims. 
As set out above, an interlocutory appeal from the court=s joinder
ruling is permitted under section 15.003(c). 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 15.003(c).

Accordingly, Hall=s motion to
dismiss O=Quinn=s interlocutory
appeal for want of subject matter jurisdiction is denied.

B.  O=Quinn=s Motion for
this Court to Deem

Date of Notice
of October 12 Order

 

On January 31, 2002, the trial court entered an order finding O=Quinn received
notice or acquired actual knowledge of the court=s October 12, 2001, order on the date it
was signed.  O=Quinn filed its
notice of appeal in this case on January 7, 2002.  Based on the trial court=s January 31
ruling, O=Quinn=s appeal is not
timely filed.  See Tex. R. App. P. 26.1 (generally notice
of appeal must be filed within thirty days after judgment signed).  O=Quinn has filed
a motion with this Court asking us to deem the date of notice or actual
knowledge as December 19, 2001.








We have Athe ability to
review the sufficiency of the evidence to support the trial court=s findings
concerning the date a party received actual notice of a judgment.@  Sharm Inc., v. Martinez, 885 S.W.2d
165, 167 (Tex. App.BCorpus Christi
1993, no writ) (per curiam).  AA court abuses
its discretion . . . when its ruling is based on factual assertions unsupported
by the record.@  In re Salgado, 53 S.W.3d 752, 758
(Tex. App.BEl Paso 2001,
orig. proceeding); In re Lavernia Nursing Facility, 12 S.W.3d 566, 570
(Tex. App.BSan Antonio
1999, orig. proceeding); In re Kramer, 9 S.W.3d 449, 450 (Tex. App.BSan Antonio
1999, orig. proceeding); accord Reynolds Metals Co. v. Mumphord, 47
S.W.3d 141, 144 (Tex. App.BCorpus Christi
2001, no pet.); Tex. Commerce Bank Nat=l Ass=n. v. Wood, 994 S.W.2d
796, 801 (Tex. App.BCorpus Christi
1999, pet. dism=d).  In Sharm, we concluded the trial court
abused its discretion in finding Sharm failed to prove it did not have timely
notice of the default judgment.  Sharm,
885 S.W.2d at 176.  We granted Sharm=s motion to
deem the date of actual notice and, thus, retained jurisdiction over the
appeal.  Id. at 167.

O=Quinn filed a
motion in the trial court under Texas Rule of Civil Procedure 306a and Texas
Rule of Appellate Procedure 4.2, asking the trial court to find the date of
notice as December 19, 2001.  See Tex. R. Civ. P. 306a; Tex. R. App. P. 4.2(a).[6]  O=Quinn contended
it did not receive notice or acquire actual knowledge of the October 12 order
until December 19, 2001.  O=Quinn=s rule 306a
motion was supported by ten affidavits from attorneys representing O=Quinn.  Each affidavit set out that neither O=Quinn nor any
of its counsel received notice or acquired actual knowledge of the October 12
order until December 19, 2001.  These
facts were undisputed in the trial court.[7]








At the hearing on O=Quinn=s rule 306a
motion, the trial court informed counsel that a member of his staff had given
all local counsel notice of the order via telephone on October 12, and had
provided local counsel with a copy of the order.  No testimony or other evidence appears in the
record regarding the actions of the court=s staff.  Based on that knowledge, the trial court
explained it could not enter an order deeming the date as December 19, 2001,
when it knew the order would be inaccurate; it would not enter an order that
conflicted with what it judicially knew.

After the hearing, and after reviewing the motion and response,
the trial court found the date on which O=Quinn or any of
O=Quinn=s lead attorneys
first received notice or acquired actual knowledge of the court=s October 12,
2001 order was December 19, 2001, but also found the date the parties= local
counsel had notice or actual knowledge was on October 12, 2001, the date
the order was signed.

O=Quinn asserts
it conclusively established the facts regarding notice, and contends the trial
court abused its discretion in finding the date of notice as October 12 because
the facts upon which that determination was made were facts completely outside
the record.  Hall urges the trial court
properly took judicial notice of the actions of the court staff.

Matters that may be judicially noticed fall into three
categories:  adjudicative facts,
legislative facts, and law.  Hill v.
Heritage Res., Inc., 964 S.W.2d 89, 137 (Tex. App.BEl Paso 1997,
pet. denied).








Adjudicative
facts are those to which the law is applied in the process of adjudication.
Thus, when a court or an agency finds facts concerning the immediate parties,
including who did what, where, when, how, and with what motive or intent, the
court or agency is performing an adjudicative function, and the facts are
called adjudicative facts.

 

Id.  The court=s staff=s actions arguably fall within the
category of adjudicative facts.  Judicial
notice of adjudicative facts, however, is controlled by Texas Rule of Evidence
201.  Rule 201(b) states:

A judicially
noticed fact must be one not subject to reasonable dispute in that it is either
(1) generally known within the territorial jurisdiction of the trial court or
(2) capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned.

 

Tex. R. Evid. 201(b). 
A[A]ssertions
made by an individual, even under oath, are not the type of facts that are
capable of accurate and ready determination by a source whose accuracy cannot
reasonably be questioned.@  Garza v. State, 996 S.W.2d 276, 279-80
(Tex. App.BDallas 1999,
pet. ref=d).  Judicial notice applies only to facts which
are beyond credible dispute.  Id.
at 279.  That the court=s staff advised
local counsel of the court=s order on
October 12, 2001, and provided them with a copy of the order is neither Agenerally known
within the territorial jurisdiction of the trial court,@ nor Acapable of
accurate and ready determination by resort to sources whose accuracy cannot
reasonably be questioned.@  Therefore, the trial court could not have
taken judicial notice of the Ainformation@ provided by
his staff regarding counsel=s notice or
actual knowledge of the October 12 order.








Hall also contends because the court=s staff is an Aagent@ of the court,
and thus is the court Aitself,@ the court is
not obliged to contradict itself by signing an order it knew to be in conflict
with what it Ajudicially
knew.@  Hall relies on Higginbotham v. Collateral
Prot., Inc., 859 S.W.2d 487, 490 (Tex. App.BHouston [1st Dist.] 1993, writ
denied).  In Higginbotham, the
appellate court recognized that the court coordinator acts as an Aagent for the
trial court@ in pursuit of
judicial economy and efficiency.  Id.  However, we find no authority, and Hall
provides us with none, for the proposition that a member of the court=s staff is the
agent of the court insofar as providing a factual basis for the court=s rulings.  Furthermore, to the extent Hall equates what
the court Ajudicially
knew,@ with Ajudicial
notice,@ we have
already concluded that the facts upon which the court made its determination
were not facts of which the court could have taken Ajudicial
notice.@

Moreover, the trial court=s actions at
the hearing on O=Quinn=s rule 306a
motion give the appearance of the court becoming a witness in this matter.  Texas Rule of Evidence 605 provides that a
presiding judge may not testify in that trial as a witness, and that no
objection need be made in order to preserve the point.  Tex.
R. Evid. 605.  The judge may not A>step down from
the bench= and become a
witness in the very same proceeding over which he is currently presiding.@  Hensarling v. State, 829 S.W.2d 168,
171 (Tex. Crim. App. 1992).  Rule 605
applies not only to members of the judiciary, Abut also to those performing judicial
functions that conflict with a witness=s role.@  Bradley v. State ex rel. White, 990
S.W.2d 245, 249 (Tex. 1999).








The purpose of rule 605 is to preserve the judge=s
impartiality.  Id. at 248; Hensarling,
829 S.W.2d at 170.  AThe judge is a
neutral arbiter in the courtroom, and the rule seeks to preserve his posture of
impartiality before the parties. . . .@  Hensarling, 829 S.W.2d at 171.  The trial court=s determination of the date of notice was
based on facts provided to the court by its staff, facts that the court
provided at the hearing.  This created
the appearance of bias which rule 605 seeks to prevent.

O=Quinn presented
undisputed evidence, on sworn motion and notice, that it did not receive notice
of the intervention and joinder rulings until December 19, 2001.  Although we appreciate the concerns of the
court, the information upon which the trial court made its determination was
not information that could be judicially noticed.  Furthermore, the trial court could not
provide that information by becoming a witness in the proceeding over which it
was presiding.  The appellate timetables
should have been extended according to the rules regarding late notice of the
judgment.  Accordingly, we hold the trial
court abused its discretion in finding O=Quinn failed to
prove it did not have timely notice of the October 12, 2001, order.  We grant O=Quinn=s motion to
deem the date of actual notice as December 19, 2001, and, thus, retain
jurisdiction over the present appeal by O=Quinn.[8]

III.  PROPER JOINDER

A.  Standard of Review








We review the trial court=s joinder
ruling de novo, Aon an
independent determination of the record and not under either an abuse of
discretion or substantial evidence standard.@  Tex. Civ. Prac. & Rem. Code Ann. ' 15.003(c)(1); Surgitek
v. Abel, 997 S.W.2d 598, 602-03 (Tex. 1999); Blalock Prescription Ctr.,
Inc., v. Lopez-Guerra, 986 S.W.2d 658, 661 (Tex. App.BCorpus Christi
1998, no pet.).

B.  Analysis

In a lawsuit where multiple plaintiffs or intervening
plaintiffs are joined, each plaintiff must establish proper venue independently
of any other plaintiff, or, if he cannot establish proper venue independently,
he must establish the joinder elements of section 15.003(a).  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.003(a)
& (b). Therefore, before the trial court reaches the joinder elements under
section 15.003(a), it must first determine whether a plaintiff can
independently establish proper venue.  Surgetik,
997 S.W.2d at 602; see Tex. Civ.
Prac. & Rem. Code Ann. '
15.003(a).  AProper venue@ means the
venue required by mandatory venue statues, or if none apply, then the venue
provided by the general venue provisions or permissive venue provisions.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 15.001(b)
(Vernon Supp. 2002). 








The determination of whether a plaintiff can independently
establish proper venue is made using venue proof standards.  Blalock, 986 S.W.2d at 662.  Properly pleaded venue facts are taken as
true unless specifically denied, as in this case, and then prima facie
proof of denied facts must be made.  Tex. R. Civ. P. 87(3)(a); see Blalock,
986 S.W.2d at 662.  APrima facie proof consists
of properly pleaded venue facts along with filed affidavits and duly proved
attachments to the affidavits that fully and specifically set forth the facts
supporting such pleading.@  Blalock, 986 S.W.2d at 662 (citing Tex. R. Civ. P. 87(3)(a); see also
Tex. Civ. Prac. & Rem. Code Ann. ' 15.064(a)
(Vernon 1986) (venue determinations shall be made from pleadings and
affidavits)).

1.  Joinder of Claims
Pursuant to Section 15.002

The general rule for establishing venue, independently, is set
in section 15.002 which provides:

(a) Except as
otherwise provided by this subchapter or Subchapter B[9]
or C,[10]
all lawsuits shall be brought:

 

(1) in the
county in which all or a substantial part of the events or omissions giving
rise to the claim occurred;

 

(2) in the
county of defendant=s residence at
the time the cause of action accrued if defendant is a natural person;

 

(3) in the
county of the defendant=s principal
office in this state, if the defendant is not a natural person; or

 

(4) if
Subdivision (1), (2), or (3) do not apply, in the county in which the plaintiff
resided at the time of the accrual of the cause of action.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 15.002(a).

 

a.  Intervention Claim








To establish a substantial part of the events giving rise to
his intervention claim occurred in Hidalgo County, Hall asserted the attorney=s fees for
which both he and John M. O=Quinn &
Associates, L.L.P, sought a division, arose out of a contract entered into,
performed in, and being litigated in Hidalgo County.  However, in addition to his claims for
attorney=s fees, Hall
asked the Hidalgo County Court to enjoin a suit that had been filed against him
in Brazoria County.  Pursuant to
mandatory venue section 15.012, actions to stay proceedings in a suit shall be
brought in the county in which suit is pending. 
Id. ' 15.012 (Vernon
1986).

In In re: John M. O=Quinn, John M. O=Quinn, P.C.
d/b/a O=Quinn &
Laminack, John M. O=Quinn and
Associates, L.L.P., and John M. O=Quinn Law Firm,
P.L.L.C.,
No. 13-02-109-CV, slip op. at 8 (Corpus Christi May 17, 2002, orig.
proceeding), we concluded venue was mandatory in Brazoria County on Hall=s claim for
injunctive relief, see Tex. Civ.
Prac. & Rem. Code Ann. ' 15.012, and
because it was mandatory on the injunction claim, venue was mandatory in
Brazoria County for all of his claims.  See
id. ' 15.004 (Vernon
Supp. 2002).  The same reasoning applies
here.  Hall cannot establish independent
venue in Hidalgo County for his intervention claims for attorney=s fees because
a mandatory venue provision applies which requires venue in Brazoria
County.  See id. '' 15.001(b) (general
venue provision applies only if mandatory venue provision, inter alia,
does not), 15.002(a) (same).

b.  Cross-Claim








Based on the above analysis, Hall cannot establish proper venue
of his cross-claim against O=Quinn in
Hidalgo County.  Moreover, without
applying the mandatory venue analysis, Hall has not satisfied the general venue
requirements of section 15.002 to independently establish proper venue of his
cross-claim which is based on his employment with one or more of the O=Quinn
parties.  Hall has not satisfied, by prima
facie proof, the first element of section 15.002, that is, that all or a
substantial part of the events or omissions giving rise to the claim occurred
in Hidalgo County.  Id. '
15.002(a)(1).  Hall complains about other
lawsuits filed in Hidalgo County. 
However, other than the present one, Hall does not identify what
specific suits were filed in Hidalgo County. 
Moreover, Hall generally contends his claims involve his full and
complete compensation and recovery of fees on all cases he retained, developed
and advised or worked on while he was associated with the O=Quinn
parties.  Furthermore, under the second,
third and fourth elements of section 15.002, Hall does not contend he or any of
the O=Quinn parties
resided in Hidalgo County or that O=Quinn had a
principal place of business in Hidalgo County at the time the cause of action
accrued.  See id. '
15.002(a)(2-4).

Because Hall has not established proper venue of his claims, independently
of any other plaintiff, in order to join his claims in the lawsuit in Hidalgo
County, Hall must establish proper joinder under the alternative method
provided in section 15.003.

B.  Alternative Method for Establishing Joinder

of Claims
Pursuant to Section 15.003(a)

 

If a plaintiff is unable to establish proper venue, he may not
join or maintain venue for the suit as a plaintiff unless the person,
independently of any other plaintiff, establishes the following joinder
elements:

(1) joinder or
intervention in the suit is proper under the Texas Rules of Civil Procedure;

 








(2) maintaining
venue in the county of suit does not unfairly prejudice another party to the
suit;

 

(3) there is an
essential need to have the person=s claim tried
in the county in which the suit is pending; and

 

(4) the county
in which the suit is pending is a fair and convenient venue for the person
seeking to join in or maintain venue for the suit and the persons against whom
the suit is brought.

 

Id. '
15.003(a)(1-4).  The plaintiff has the
burden of establishing proof of each joinder element.  Surgitek, 997 S.W.2d at 602-03; Amer.
Home Prods. Corp. v. Bernal, 5 S.W.3d 344, 346 (Tex. App.BCorpus Christi,
no pet.).  When venue facts are
specifically denied, all four elements of section 15.003(a) must be established
by prima facie proof.  Blalock,
986 S.W.2d at 662.  The trial court has
discretion to allow a broader range of proof in making a section 15.003(a)
joinder determination than it would require in a venue hearing.  Surgitek, 997 S.W.2d at 603.  Thus, to determine whether the trial court=s section
15.003(a) joinder determination of Hall=s claims was
proper, our de novo review is of the entire record.  Id. 
We will make that determination with no deference to the trial court=s ruling.  Id.

1. Essential Need Element








The third element of section 15.003(a) requires Hall to
establish an essential need to have his claims tried in the county in which the
suit is pending.  See Tex. Civ. Prac. & Rem. Code Ann. '
15.003(a)(3).  Any essential need Amust be tied to
the specific county where the suit is filed.@  Amer.
Home Prods. Corp., 5 S.W.3d at 348. 
To meet this requirement, Hall has to satisfy a Avery high@ burden.  Surgitek, 997 S.W.2d at 604
(recognizing language of section 15.003 makes burden of proving proper joinder Avery high@).  Hall must establish that it was Aindispensably
necessary@ to try his
claims in Hidalgo County.  Id.  Moreover, the mere fact that a related suit
is already proceeding in that county is insufficient to establish that it is
indispensably necessary for the plaintiff seeking joinder or intervention to
try his claims there.  Amer. Home
Prods. Corp, 5 S.W.3d at 348 (holding need for numerous joining plaintiffs
to pool resources in Cameron County lawsuit was insufficient to establish
essential need).

The claims in the underlying City of Mercedes
franchise-fee litigation are not related to Hall=s claims, and, although Hall asserts in
his intervention against O=Quinn that he
was a party to the contingent fee contract with the City, our review of the
entire record reveals otherwise.  The
evidence establishes the City did not enter into an agreement with Hall to
represent it in its litigation. 
Furthermore, Hall has not asserted he could not do without trying his
claims in Hidalgo County.  He has not
alleged in his petition in intervention and cross-claim or in his response to O=Quinn=s motion to
transfer venue, any essential need for trying his claims in Hidalgo
County.  Hall alleges, without more, that
he Apractices
routinely in Hidalgo County.@  The one specific connection with Hidalgo
County he alleges is his claim to a portion of any fees the City might pay to O=Quinn.  This fee determination, however, has not yet
been made.  These assertions alone do not
establish that Hall cannot do without trying his claims in Hidalgo County.  Surgitek, 997 S.W.2d at 604. 








Moreover, the evidence shows that Hall=s claims
related to the terms of his employment are tied to Harris County.  Hall=s claims
against O=Quinn are for
damages based on breaches of an oral employment contract Hall allegedly
negotiated with John M. O=Quinn, P.C., in
December 1994,[11]
and on breaches of tort duties related to his employment with O=Quinn.  Hall also asserts O=Quinn owes him
fees from cases involving Amore than one
hundred different clients,@ covering a
period of five to six years.  The record
reveals only one case that was filed in Hidalgo County.  Hall has failed to show any essential need to
join the City=s litigation or
to show why his needs cannot be met in a county of proper venue.  See Blalock, 986 S.W.2d 658, 665 (Tex.
App.BCorpus Christi
1998, no writ) (holding joinder was improper where plaintiff provided no
evidence showing why it was essential for her to join a suit pending in Hidalgo
County or why her needs could not be met in a county of proper venue).   He has not established that it was Aindispensably
necessary@ to try his
claims in Hidalgo County.  Surgitek,
994 S.W.2d at 604.  Based on our review
of the record and the facts of this case, Hall has not sustained his Avery high@ burden to
establish the essential need element of section 15.003(a).  See Tex.
Civ. Prac. & Rem. Code Ann. ' 15.003(a)(3).

2.  Remaining Joinder Elements

 

Because Hall has not made a proper showing of essential need to
try his claims in Hidalgo County and because the elements of 15.003 are
inclusive, we need not address the remaining elements.  See id. ' 15.003(a).








Having failed to establish the joinder elements, independent of
any other plaintiff, we hold Hall may not join the Hidalgo County suit against
O=Quinn.  O=Quinn=s joinder
issues are sustained.

V.  Conclusion

Accordingly, we reverse the order of the trial court that
joinder of Hall=s claims
against O=Quinn is proper
in Hidalgo County, and remand it back to the trial court for proceedings
consistent with this opinion.

 

NELDA
V. RODRIGUEZ

Justice

 

Publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 17th day of May,
2002.











[1]Section
15.003 provides that the court of appeals shall Arender
its decision not later than the 120th day after the date the appeal is
perfected by the complaining party.@
 Tex. Civ. Prac. & Rem. Code Ann.
' 15.003(c)
(Vernon Supp. 2002).  O=Quinn
perfected its appeal on January 7, 2002. 
The 120th day following such action was May 7, 2002.  However, even were we to determine this
interlocutory appeal was overruled by operation of law on May 7th, we retain
plenary jurisdiction for sixty days after judgment.  See Tex.
R. App. P. 19.1(a).  This opinion
has been issued within that time period.





[2]We
note the City=s lawsuit has
been severed from the intervention and joinder proceedings and abated pending
final resolution of the disputes between the Hall and O=Quinn
parties.





[3]Hall=s
employment with O=Quinn occurred
over a period of approximately five to six years and involved more than one
hundred different clients, in addition to other lawsuits and legal matters for
which Hall alleges he received no financial compensation from O=Quinn.  Except for one case being litigated in
Hidalgo County, Hall provides this Court with no information regarding the
other clients, lawsuits, and legal matters about which he complains.  O=Quinn,
however, asserts that specific issues related to the terms of Hall=s
employment with the O=Quinn parties
occurred in Harris County and that other events occurred in Brazoria County.





[4]O=Quinn=s
intervention and joinder issues from the October 12, 2001, order are the bases
of this interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 15.003(c)
(Vernon Supp 2002).  O=Quinn
has also filed a petition for writ of mandamus in this Court in In re: John
M. O=Quinn, John M.
O=Quinn, P.C.
d/b/a O=Quinn &
Laminack, John M. O=Quinn
and Associates, L.L.P., and John M. O=Quinn
Law Firm, P.L.L.C., cause number 13-02-109-CV, raising venue
issues related to the October 12 order. 
The venue issues are addressed in that original proceeding.





[5]The
granting of the anti-suit injunction is the subject of a separate interlocutory
appeal filed in this Court in John M. O=Quinn,
John M. O=Quinn, P.C.
d/b/a O=Quinn &
Laminack, John M. O=Quinn
and Associates, L.L.P., and John M. O=Quinn
Law Firm, P.L.L.C., cause number 13-01-640-CV.





[6]Texas
Rule Civil Procedure 306a(4) and Texas Rule of Appellate Procedure 4.2(a) exist
to provide A[a]n exception
to the rule that procedural timetables run from the date the judgment is signed
. . . for a party who learns of the judgment more than twenty, but less than
ninety, days after it was signed.@  Grondona v. Sutton, 991 S.W.2d 90, 91
(Tex. App.BAustin 1998,
pet. denied).  Rules 306a and 4.2 provide
a procedure for a party to find the date of notice when such notice was
received after the time period has run for appealing a judgment.  





[7]Although
Hall opposes the relief sought in the motion before this Court, he asserts he
did not oppose the relief sought in O=Quinn=s
306a motion when it was filed in the trial court because he had no factual
basis to dispute the facts set out in the affidavits filed in support of the
motion.





[8]Having
granted O=Quinn=s
motion to deem, its petition for writ of mandamus filed in In re: John M. O=Quinn,
John M. O=Quinn, P.C.
d/b/a O=Quinn &
Laminack, John M. O=Quinn
and Associates, L.L.P., and John M. O=Quinn
Law Firm, P.L.L.C., cause number 13-02-172-CV, addressing
the same issues, is hereby dismissed as moot.





[9]Mandatory
venue provisions are found in this subchapter.





[10]Permissive
venue provisions are found in this subchapter.





[11]The
City is not a party to this contract.