NUMBER 13-01-353-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


TECO-WESTINGHOUSE MOTOR COMPANY, Appellant,


v.


JOEL GONZALEZ AND ROBERT PASCIAK, Appellees.

___________________________________________________________________


On appeal from the 107th District Court of Cameron County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez

This is an interlocutory, accelerated appeal under section 15.003 of the Texas Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. § 15.003 (Vernon Supp. 2001). Appellant, Teco-Westinghouse Motor Company ("TWMC"
or "the company"), appeals from the trial court's order denying its motion to transfer venue. Appellees, Joel Gonzalez and
Robert Pasciak, filed suit against TWMC, alleging retaliatory discharge in violation of the Texas Commission on Human
Rights Act ("TCHRA") (1) and intentional infliction of emotional distress. In two issues, appellant contends that the trial
court: 1) erred in ruling that Pasciak established venue in Cameron County under section 15.003 of the civil practice and
remedies code; and 2) abused its discretion in accepting appellees' response to the motion to transfer venue, which was
filed the day before the venue hearing. We affirm.

Background

In 1996 or 1997, (2) Gonzalez and Pasciak began working for TWMC at its Williamson County facility. Both were
terminated in 1999, for reasons which are in dispute. Appellees contend they were discharged because Gonzalez, who was
a supervisor, refused to lower his evaluations of two Hispanic employees; Pasciak supported Gonzalez's decision. The
company contends they were terminated after the company discovered they were using company e-mail to send and/or
receive inappropriate sexually graphic images and material. 

Appellees filed suit in Cameron County, alleging retaliation in violation of the TCHRA and intentional infliction of
emotional distress. Gonzalez also alleged that the company fraudulently induced him to accept employment in Williamson
County. Gonzalez, a resident of Cameron County, alleges venue is proper in Cameron County because he received a
telephone call in Cameron County from a TWMC representative, who offered him employment in Williamson County.
Pasciak is a resident of Williamson County. He contends that venue is proper in Cameron County pursuant to section
15.003 of the civil practice and remedies code regarding multi-plaintiff lawsuits. See Tex. Civ. Prac. & Rem. Code §
15.003 (Vernon Supp. 2001). TWMC asserts that its only Texas facility is in Williamson County.

On December 29, 2000, TWMC filed a motion to transfer venue to Williamson County. After receiving Pasciak's
discovery responses, TWMC filed an amended motion to transfer on April 18, 2001 and incorporated Pasciak's discovery
responses. A hearing on TWMC's motion was set for April 26, 2001. The day before the hearing, on April 25th, appellees
filed a response, with attached affidavits. In the response, Pasciak conceded that he cannot independently establish venue
in Cameron County, but argued venue is proper there because he has established the four elements necessary for joinder set
out in section 15.003(a) . See Tex. Civ. Prac. & Rem. Code § 15.003(a) (Vernon Supp. 2001). Following the hearing, the
trial court denied the motion to transfer venue as to both appellees. This interlocutory appeal followed. Appellees do not
challenge the trial court's ruling finding venue proper in Cameron County as to Gonzalez. 

Standard of Review

The issue before us is whether Pasciak could properly join the lawsuit filed by Gonzalez in Cameron County. We review
the propriety of a trial court's section 15.003 joinder decision by conducting an independent de novo review of the entire
record. Tex. Civ. Prac. & Rem. Code § 15.003(c)(1) (Vernon Supp. 2001); Am. Home Prods. v. Clark, 38 S.W.3d 92, 99
(Tex. 2000); Surgitek, Bristol-Myers Squibb Co. v. Abel, 997 S.W.2d 598, 600 (Tex. 1999); Am. Home Prods. Corp. v.
Bernal, 5 S.W.3d 344, 347 (Tex. App.-Corpus Christi 1999, no pet.).

Analysis

Texas Civil Practices and Remedies Code section 15.003, which governs multi-plaintiff lawsuits, provides:

(a) In a suit where more than one plaintiff is joined, each plaintiff must, independently of any other plaintiff, establish
proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff
unless the person, independently of any other plaintiff, establishes that: 

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure; 

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit; 

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and 

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue
for the suit and the persons against whom the suit is brought. 

Tex. Civ. Prac. & Rem. Code § 15.003(a) (Vernon Supp. 2001). 

The plaintiff bears the burden of proof to establish proof of each joinder element. Surgitek, 997 S.W.2d at 602-03;
Bernal,5 S.W.3d at 346. The trial court has discretion to consider a broader range of evidence in making a section
15.003(a) joinder determination than it would in a venue hearing. Surgitek, 997 S.W.2d at 603; Bernal, 5 S.W.3d at 347. 
The court of appeals is not constrained solely to review the pleadings and affidavits, but considers the entire record,
including any evidence presented at the hearing. Bernal, 5 S.W.3d at 347. Any affidavit evidence relied upon in support
of venue allegations must be made on personal knowledge, set forth specific facts as would be admissible in evidence, and
show affirmatively that the affiant is competent to testify. See Tex. R. Civ. P. 87(3)(a); Blalock Prescription Ctr., Inc. v.
Lopez-Guerra, 986 S.W.2d 658, 662 (Tex. App.-Corpus Christi 1999, no pet.).

Trial Court's Acceptance of Response

By its second issue, TWMC contends the trial court abused its discretion by granting appellees' request to file a late
response to TWMC's motion to transfer on the day before the venue hearing. TWMC contends it was materially prejudiced
by the trial court's decision because it was unable to investigate or respond to the statements in appellees' affidavits, which
were attached to the response, and was therefore denied the opportunity to rebut the appellees' prima facie proof. The
evidence offered by appellees and attached to their response included: 1) Gonzalez's affidavit; 2) Pasciak's affidavit; 3) the
affidavit of appellees' counsel; and 4) Gonzalez's responses to TWMC's request for admissions. 

Appellees argue that they filed their response the day before the hearing because TWMC's amended motion to transfer and
attached affidavits, which first raised the issue of joinder under section 15.003, was filed only a week earlier, on April 18,
2001. Under rule 87 of the Texas Rules of Civil Procedure, a nonmovant's response and affidavits in opposition to a
motion to transfer venue are to be filed thirty days before the hearing date. Tex. R. Civ. P. 87.1. However, the trial court
has the discretion to grant leave to file late affidavits and supporting materials in support or opposition to a motion to
transfer venue. Id. Moreover, in making a section 15.003 determination, the trial court has the discretion to consider all
available evidence, including evidence presented at the hearing. Bernal, 5 S.W.3d at 347. 

Here, TWMC raised the issue of joinder under section 15.003(a) in its April 18, 2001 amended motion. Appellees'
response and affidavits address the joinder issue under the section 15.003(a) criteria. Pasciak's affidavit states that
Gonzalez is an "indispensable witness" in Pasciak's case, that it is "indispensably necessary" that the lawsuit be tried in
Cameron County because Gonzalez can only afford to pursue it there and Pasciak cannot afford to pursue it alone, that
Pasciak could not find an attorney to take the case in Williamson or Travis counties, and that the cost would be too high for
him to pursue the case if it were to proceed in Williamson or Travis County. We are unpersuaded that TWMC was
materially prejudiced by being unable to investigate or respond to these statements. Given the trial court's discretion to
allow a broad range of proof in making its determination, we conclude that the trial court did not abuse its discretion by
allowing appellees to submit their response to TWMC's amended motion to transfer venue. We overrule TWMC's second
issue. 

Joinder 

We now turn to TWMC's first issue, which is whether Pasciak satisfied the four-part test set out in section 15.003(a).
Because TWMC does not appeal the first element of the four-part joinder test, (3) we do not address it.

A. Unfair Prejudice 

We begin by addressing the second element, whether maintaining suit in Cameron County unfairly prejudices another
party. Tex. Civ. Prac. & Rem. Code § 15.003(a)(2) (Vernon Supp. 2001). Pasciak argues that TWMC will not be unfairly
prejudiced by defending against his lawsuit in Cameron County because regardless of the disposition of Pasciak's claim,
Gonzalez's case will be tried in Cameron County and it will be necessary for TWMC to travel to Cameron County. Pasciak
also contends that TWMC regularly conducts business in South Texas. Appellees offered as evidence their own affidavits,
the affidavit of their attorney, and Gonzalez's discovery responses. In his affidavit, Gonzalez stated that
"Teco-Westinghouse regularly conducts business in South Texas and in Northern Mexico and regularly sends management
representatives to South Texas to conduct this business." Pasciak's affidavit states that if the suit were to proceed in Travis
or Williamson counties, the cost would be too high for him to pursue it. Pasciak's affidavit is silent as to whether TWMC
would suffer any unfair prejudice as a result of defending against his suit in Cameron County. In his affidavit, appellees'
attorney states that TWMC "is a large multi-national corporation with unlimited resources and the maintenance of the
instant action in Cameron County, Texas would hardly be an economic and personal hardship to Defendants. Furthermore,
said Defendant regularly does business in South Texas." The affidavit also states that Gonzalez has established proper
venue in Cameron County, and because Pasciak's claims are identical to those of Gonzalez and requires the presence of the
same witnesses, TWMC would not be prejudiced by trying Pasciak's case in Cameron County. TWMC specifically denied
that venue was proper as to Pasciak in Cameron County. In its amended response, TWMC further denied that Pasciak
could establish joinder and stated that it would suffer an injustice if forced to defend the suit in Cameron County.

Affidavits must be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall
show affirmatively that the affiant is competent to testify. Tex. R. Civ. P. 87(3)(a); Blalock, 986 S.W.2d at 662. We
conclude that Gonzalez's statements as to TWCM's business activities in South Texas are not made on personal knowledge
and do not establish lack of prejudice. Similarly, the statement by appellees' attorney regarding TWMC's "unlimited
resources" is not made on personal knowledge, is conclusory, and does not establish lack of prejudice. However, we find
that because Gonzalez's lawsuit will be tried in Cameron County, (4) TWMC's representatives and witnesses will be present
at Gonzalez's trial. Because Pasciak's claims are the same as Gonzalez's and involve the same witnesses, we conclude that
Pasciak has established that trying his suit in Cameron County will not unfairly prejudice TWMC.

B. Essential Need 

Pasciak also had to establish that he had an "essential need" to have his claim tried in Cameron County. See Tex. Civ. Prac.
& Rem. Code § 15.003(a)(3) (Vernon Supp. 2001); Surgitek, 997 S.W.2d at 604; Bernal, 5 S.W.3d at 348; Dayco Prods.,
Inc. v. Ebrahim, 10 S.W.3d 80, 84 (Tex. App.-Tyler 1999, no pet.). A plaintiff seeking joinder must show a compelling
reason why he must be joined in that county, and not merely that he has an "essential need" to join with other plaintiffs in
order to pool resources. Surgitek, 997 S.W.2d at 604 (holding that proving a need to pool resources is insufficient to
establish essential need); Bernal, 5 S.W.3d at 348 (same).

Pasciak argues he has an essential need for his case to be tried in Cameron County because: 1) Gonzalez is his main witness
and is a resident of Cameron County; 2) other witnesses who can testify as to the events at issue are currently located in
Cameron County; and 3) he has been unable to locate an attorney willing to take his case in Williamson County and is
currently being represented on a contingency fee basis by Gonzalez's attorney, who is located in Cameron County. Pasciak
acknowledges that both the supreme court and this Court have rejected claims that the need to pool resources is sufficient
to establish essential need. See Surgitek, 997 S.W.2d at 604; Bernal, 5 S.W.3d at 348. He denies, however, that his
arguments should be so characterized; he argues, instead, that his reasons demonstrate why there is an essential need for his
case to be tried in Cameron County.

The evidence Pasciak offered to establish his right to join the Cameron County lawsuit included his own affidavit,
Gonzalez's affidavit, and the affidavit of his attorney. In his affidavit, Pasciak states he is unemployed and has no resources
to pay an attorney. He also says that Gonzalez can only afford to pursue his case in Cameron County and that Gonzalez is
an indispensable witness in his case. He also asserts that he contacted six or eight attorneys in Williamson and Travis
counties and was unable to obtain representation. He says that if he is required to proceed in Travis or Williamson County,
the cost will be too high for him to pursue it. Gonzalez's affidavit states that he is currently a resident of Cameron County
and has been since before 1996. He says he is currently working in Monterrey, Mexico and that his job does not allow for
travel to Williamson or Travis County. He further asserts that the cost would be too high for him to litigate his own case in
Williamson or Travis counties because of the time demands and costs associated with travel. He also states that TWMC
regularly conducts business in South Texas. (5) 

TWMC argues that Pasciak's claim that he contacted six or eight attorneys and was unable to obtain representation does not
establish that there is no Austin-area attorney willing to represent him. In addition, TWMC notes that Pasciak's current
attorney could continue to represent him in Williamson County. (6) Moreover, TWMC notes that one of the appellees'
attorneys, Ms. Gina Hinojosa, is located in Austin. (7) With regard to Pasciak's claim that there is an essential need to try his
case in Cameron County because Gonzalez is an indispensable witness, TWMC notes that Pasciak has offered no proof that
Gonzalez would refuse to appear as a witness in Williamson County. TWMC also argues that Pasciak has also failed to
establish that the other identified witnesses would refuse or be unable to testify in Williamson County. 

TWMC's evidence includes the affidavit of Richard Fesmire, a TWMC senior management official, who stated, among
other things, that TWMC does not have a facility in or near Cameron County. TWMC also submitted the affidavit of Josie
Carlin Hernandez, a TWMC employee in the Human Resource department at the Williamson County facility, who stated
that Gonzalez began working for TWMC in January 1996.

Applying the principles announced in Surgitek, and considering the entire record de novo, we conclude that Pasciak
established that he has an essential need to try his lawsuit in Cameron County. Gonzalez's affidavit states that he is an
indispensable witness in Pasciak's lawsuit. It also states that the demands of his present job in Monterrey, Mexico "do not
allow for travel to Williamson or Travis County." Pasciak's affidavit also states that Gonzalez is an indispensable witness
in Pasciak's case. In its reply brief, TWMC argues that because it will be necessary for Gonzalez to take some time off
from his job to attend his own trial, he could also take a day or two of vacation time to serve as a witness for Pasciak in
Williamson County. TWMC also argues that if Gonzalez is unable to appear at Pasciak's Williamson County trial, his
testimony could be presented to the jury by videotape.

We acknowledge that the need to pool resources is insufficient to establish essential need. See Surgitek, 997 S.W.2d at
604; Bernal, 5 S.W.3d at 348. In Bernal, this Court interpreted the "essential need" element as enunciated by the supreme
court:

The court pointed out that the essential need component of the test must be tied to the specific county where the suit is
filed. That is, the plaintiffs seeking joinder must show a compelling reason why they must be joined in that county, and not
merely that they have an "essential need" to join with the other plaintiffs in order to pool resources. Otherwise, the
plaintiffs have an alternative that makes their "need" not essential: they may sue in the county of the defendants' residence. 

Bernal, 5 S.W.3d at 348 (emphasis supplied) (citations omitted). 

In Bernal, a multi-plaintiff lawsuit involving injuries allegedly arising from the use of diet drugs commonly known as
"fen/phen," this Court held that the plaintiffs failed to establish an essential need to try their claims in Cameron County.
Bernal, 5 S.W.3d at 347. The affidavit evidence presented in Bernal addressed the "economic benefit" derived from
sharing discovery and witnesses. Id. at 347-48. None of the evidence discussed in Bernal, however, established that the
plaintiffs' need was tied to the specific county where the suit was filed. Id. at 348. In contrast, the evidence in the present
case establishes Pasciak's essential need to try his case in Cameron County because the testimony of Gonzalez, an
indispensable witness, is only available in Cameron County. We conclude that TWMC's suggestion as to the likelihood of
Gonzalez taking time off from work to attend Pasciak's trial is no more than mere speculation. In contrast, Gonzalez's
affidavit states that the demands of his job do not allow for travel to Travis or Williamson County. With regard to
TWMC's argument that Pasciak has the option of presenting Gonzalez's testimony by videotape, we are unable to say with
confidence that a jury would give the same weight to testimony presented by videotape as it would to live witness
testimony. 

In Blalock, which also involved a plaintiff alleging injuries arising from the use of "fen/phen," this Court found, as it did
inBernal, that the plaintiff failed to establish an essential need to maintain suit in Hidalgo County. Blalock, 986 S.W.2d at
665. In Blalock, the plaintiff's attorney stated in an affidavit that the "only way" the plaintiff could prosecute her claims
was by combining resources, and if not allowed to maintain suit in Hidalgo County, her ability to pursue her claims would
be "severely compromised." Id. In rejecting the plaintiff's claim, this Court noted that the evidence failed to tie the
plaintiff's claim to a particular county. Id. We find that unlike the affidavit evidence presented in Bernal and Blaclock, the
evidence in the case before us establishes that Pasciak has an essential need to try his suit in Cameron County, the only
county that can provide him with the availability of his indispensable witness. Accordingly, we find that Pasciak has
established the essential need element of joinder.

C. Fair and Convenient 

Pasciak also had to establish that Cameron County is a fair and convenient venue for himself and TWMC. Although
Pasciak is a resident of Williamson County, his affidavit establishes that Cameron County is a fair and convenient venue
for him. With respect to TWMC, Pasciak points to the same evidence that he offered to prove TWMC would not be
unfairly prejudiced by trying his suit in Cameron County. We have already examined the evidence and determined that
TWMC would not be unfairly prejudiced. This Court has held that the evidence establishing absence of unfair prejudice
will generally establish fairness and convenience. Blalock, 986 S.W.2d at 665. Here, we conclude that venue in Cameron
County for Pasciak's claim is convenient for TWMC because it will already be in Cameron County defending against
Gonzalez's lawsuit. Moreover, we note that allowing Pasciak to join Gonzalez's Cameron County lawsuit serves the
interest of preserving judicial and public resources.

We conclude that Pasciak has met his burden to establish the second, third and fourth joinder elements under section
15.003(a). Tex. Civ. Prac. & Rem. Code § 15.003(a) (Vernon Supp. 2001). Accordingly, we overrule TWCM's first issue
and AFFIRM the trial court's order denying TWMC's motion to transfer venue as to Pasciak. 

 

LINDA REYNA YAÑEZ

Justice





Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.

1. See Tex. Lab. Code § 21.055 (Vernon 1996).

2. The date Gonzalez was hired by TWMC is in dispute. Gonzalez alleges that in January 1997, TWMC agents recruited
him in Brownsville, Texas to work for the company at its Williamson County facility. TWMC contends Gonzalez began
his employment at the company's Williamson County facility on January 2, 1996. The company notes that one explanation
for Gonzalez's assertion that he was contacted in 1997, rather than 1996, is that his claim for fraudulent inducement, which
has a four-year statute of limitations, would otherwise be barred by limitations. 

3. TWMC notes that it does not concede that Pasciak has established the first element of the four-part joinder test. 
However, because only limited discovery has taken place, TWMC argues that the record is insufficiently developed at this
time to thoroughly examine the issue. 

4. Gonzalez asserted in the trial court that venue is proper in Cameron County because he is a resident of Cameron County
and all or a substantial part of the events giving rise to his claims occurred in Cameron County. See Tex. Civ. Prac. &
Rem. Code § 15.002(a) (Vernon Supp. 2001). When a trial court decides, even erroneously, that venue is proper under
section 15.002, an interlocutory appeal under section 15.003(c) is unavailable. See Tex. Civ. Prac. & Rem. Code §
15.003(c) (Vernon Supp. 2001); Am. Home Prods. Corp. v. Clark,38 S.W.2d 92, 96 (Tex. 2000). 

5. TWMC challenges Gonzalez's statement as conclusory because Gonzalez no longer works for TWMC and therefore
lacks personal knowledge of TWMC's activities. TWMC also notes that neither Gonzalez nor Pasciak state that the
TWMC representatives who allegedly travel to South Texas would be the same persons whose presence would be required
in any lawsuit involving TWMC. 

6. Pasciak's affidavit states, in pertinent part: "Magallanes, Hinojosa & Mancias can only provide representation in
Cameron County on my claims in conjunction with the representation of Mr. Gonzalez."

7. Appellees state that Ms. Hinojosa and her law firm are not lead counsel, but were brought into the lawsuit to assist on
employment law issues.