TEXAS MUTUAL INSURANCE CO., et al., Appellants,

v.

EAST SIDE SURGERY CENTER, INC., et al., Appellees.

Ace Mutual Insurance Co., et al., Appellants,

v.

East Side Surgery Center, Inc., et al., Appellees.

Nos. 13–02–278–CV, 13–02–354–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 15, 2004.

---

Anthony Icenogle, De Leon, Boggins & Icenogle, Catherine L. Hanna, David L. Plaut, Hanna & Plaut, Edward Tuddenham, Pamella A. Hopper, Veronica C. Czuchna, Jordan & Carmona, P.M. Schenkkan, Graves, Dougherty, Hearon, Austin, Brett T. Reynolds, Blakely & Reynolds, San Antonio, Charles Willette, Jr., Willette & Guerra, L.L.P., Jeffrey D. Roerig, Rene O. Oliveira, Roerig, Oliveira & Fisher, L.L.P., Horacio L. Barrera, Barrera & Martinez, Brownsville, Dean G. Papas, B. Ford Hamilton, Phillips & Akers, P.C., Houston, Ernest F. Avery, O'Connell & Benjamin, L.L.P., Jerry Shiely, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Karen L. Hirschman, Brian E. Robison, John C. Wander, Robert C. Walters, Vinson & Elkins, Mark C. Roberts II, Henslee, Fowler, Hepworth & Schwartz, Robert B. Wellenberger, James L. Sowder, Thompson, Coe, Cousins, Kevin T. Crocker, Jackson Walker, Alicia G. Curran, John Holman Barr, Burt Barr & Assoc., Dallas, Scott C. Skelton, Brent L. Watkins, Zeleskey, Corneluis, Hallmark, Roper & Hicks, Lufkin, David Healey, Arnold, White & Durkee, Dolores Cavatore, Weil, Gotshal & Manges, Paul K. Nesbitt, Kelly, Sutter & Kendrick, Houston, Keith B. O'Connell, O'Connell & Benjamin, San Antonio, Mike Mills, McAllen, Jon D. Brooks, The Rangel Law Firm, P.C., Corpus Christi, Ruben R. Pena, Law Offices of Ruben R. Pena, P.C., Harlingen, for Appellants.

Evertt Sanderson, Ethan L. Shaw, John P. Cowart, Moore Landrey, L.L.P., Beaumont, Keith T. Gilbert, William Maxwell, Gilbert & Maxwell, Houston, Ernesto Ga-

mez, Jr., Law Office of Ernesto Gamez, Jr., Reynaldo G. Garza Jr., Brownsville, James A. Holmes, Wellborn, Houston, Adkison, Mann, Henderson, R. Stephen Woodfin, Law Office of Stephen Woodfin, Kilgore, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

In appeal number 13–02–00278–CV, appellants, Texas Mutual Insurance Company,[1] et al.,[2] challenge whether appellees[3] were properly joined in the lawsuit under section 15.003(a) of the civil practices and remedies code.[4] In appeal number 13–02–00354–CV, appellants, Ace American In-surance Company, et al.,[5] also challenge whether appellees were properly joined under section 15.003 of the civil practice and remedies code. We affirm.

## I. Facts and Procedural History

Robert S. Howell, D.C., First Rio Valley Medical, P.A. (First Rio), and the eight appellees are the plaintiffs in the underlying suit. Together, they filed suit in Cameron County, Texas against appellants in appeal numbers 13–02–00278–CV and 13–02–00354–CV (hereinafter "appellants") seeking a class certification under rule 42(b)(4) to recover statutory late fees on behalf of approximately 20,000 medical service providers.[6] According to their third-amended petition, appellant-insur-

1. While this appeal was pending, Texas Mutual Insurance Company was non-suited from the underlying suit. Therefore, we grant Texas Mutual Insurance Company's motion to withdraw as an appellant in cause number 13–02–00278–CV.

2. Appellants are AIG National Insurance Company; AIG Claims Services, Inc.; American Interstate Insurance Company; Atlantic Mutual Insurance Company; Berkley Risk Administrators Company of Texas, Inc.; CAS–Claims Administrators Services, Inc.; Combined Independent Agencies, Inc.; Crawford & Company; Federal Insurance Company; Fireman's Fund; Safeco Insurance Company of America; Safeco Insurance Company of Illinois; Safeco Insurance Company of Pennsylvania; Gab Robins North America, Inc.; Hartford Accident & Indemnity; Hartford Casualty Insurance Company, et al.; Highlands Insurance Company; International Solutions, L.L.C.; Kemper Casualty Insurance Company; Kemper Employers Insurance Company; Liberty Mutual Insurance Company; Employers Insurance of Wausau; Paula Insurance Company; RSKO, Inc.; CNA Lloyd's of Texas, Inc.; Continental Casualty Company; and Service Lloyd's Insurance Company.

3. Appellees are East Side Surgery Center, Inc.; U.S. Imaging, Inc.; U.S. Aesthetics, P.A.; Fort Bend Imaging, Inc.; Fannin Street Imaging, Inc.; East Side Imaging, Inc.; Steeplechase Diagnostics, Inc.; and San Antonio Diagnostic Imaging, Inc.

4. Section 15.003(a), in effect at the time appellants filed their interlocutory appeal, has since been amended. When citing to section 15.003, we refer to the version as it appears in Act of May 8, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 979 (current version codified at TEX. CIV. PRAC. & REM. CODE ANN. § 15.003 (Vernon Supp.2004)). This version was in effect at the time suit was filed, and the amendments to section 15.003(a) apply only to an action filed on or after September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 898–99.

5. Appellants in cause number 13–02–00354–CV are Ace American Insurance Company f/k/a CIGNA Insurance Company; Cigna Insurance Company n/k/a Ace American Insurance Company; Ace American Lloyd's Insurance Company; and Ace American Reinsurance Company.

6. Subparagraph (b)(3) of rule 42 was omitted as unnecessary effective January 1, 2004 and subparagraph (b)(4) is renumbered as (b)(3). *Compare* TEX.R. CIV. P. 42 *with* TEX.R. CIV. P. 42, 553–554 S.W.2d (Tex.Cases) XXXVI–XXXVIII (1977, amended 2004).

ance companies failed to pay late interest fees, in accordance with the worker's compensation scheme, on medical bills submitted to appellants and paid after sixty days from the date of receipt. *See* TEX. LAB. CODE ANN. § 413.019 (Vernon 1996); *see also* 28 TEX. ADMIN. CODE § 133.304(q) (2004) (Tex. Workers' Comp. Comm'n, Gen. Med. Provisions).

Only Howell and First Rio have their principal place of business in Cameron County, Texas. Appellees are located in Harris County, Fort Bend County, and Bexar County, Texas. Appellees' petition stated that joinder was proper under 15.003(a). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a). Appellants, individually, filed numerous motions to transfer venue and challenged whether appellees were properly joined under 15.003(a). *See id.* On March 7, 2002, the trial court held a hearing to consider the various motions filed by appellants. During the hearing, the trial court heard arguments on motions to transfer venue, motions to compel the production of tracking logs, and motions for a continuance on the class certification hearing.

After the hearing, additional motions were filed by appellants in cause number 13–02–00354–CV.[7] However, on March 26, 2002, the trial court entered an order stating "that when this court rules on the pending motions to transfer venue, which were argued on March 7, 2002, the ruling ... will be applicable to all pending motions filed by [appellants], whether they were argued on March 7, 2002 or not." On April 26, 2002, the trial court determined venue was proper "in [Cameron County] as to Robert S. Howell, D.C., and First Rio Valley, P.A. pursuant to TEX. CIV. PRAC. & REM.CODE 15.002; and ... [appellees] are properly joined in this action pursuant to

TEX. CIV. PRAC. & REM.CODE 15.003." Appellants then filed these interlocutory appeals. Both appeals challenge the trial court's ruling regarding joinder on the same grounds.

## II.  DISCUSSION

### A.  Standard of Review

■  We review a trial court's section 15.003(a) joinder decision by conducting a de novo review of the entire record. (TEX. CIV. PRAC. & REM.CODE ANN. § 15.003©); *Surgitek v. Abel,* 997 S.W.2d 598, 603 (Tex. 1999); *Teco–Westinghouse Motor Co. v. Gonzalez,* 54 S.W.3d 910, 913 (Tex.App.-Corpus Christi 2001, no pet.). An appellate court "is not constrained solely to review the pleadings and affidavits, but should consider the entire record, including any evidence presented at the hearing." *Surgitek,* 997 S.W.2d at 603.

### B.  Analysis

Section 15.003 is not a venue statute; it is a joinder statute. *Surgitek, Inc. v. Adams,* 955 S.W.2d 884, 887(Tex. App.-Corpus Christi 1997, pet. dism'd by agr.). It provides:

(a) In a suit where more than one plaintiff is joined each plaintiff must, independently of another plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

7.  The motions filed by appellants in cause number 13–02–00354–CV were substantively similar to the motions filed by appellants in 13–02–00278–CV.

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

Tex. Civ. Prac. & Rem.Code Ann. § 15.003(a); *see O'Quinn v. Hall*, 77 S.W.3d 438, 451 (Tex.App.-Corpus Christi 2002, no pet.).

▪ The plaintiff bears the burden to establish prima facie proof of each joinder element. *Surgitek*, 997 S.W.2d at 602–03; *Teco–Westinghouse Motor Co.*, 54 S.W.3d at 913. All properly pleaded venue facts are taken as true unless specifically denied by an opposing party. *Blalock Prescription Ctr., Inc. v. Lopez–Guerra*, 986 S.W.2d 658, 662 (Tex.App.-Corpus Christi 1998, no pet.). "[I]f the defendants offer no rebuttal evidence, the inquiry is over . . . but if a defendant's joinder evidence rebuts the plaintiff's prima facie proof, a trial court has discretion to consider all available evidence to resolve any disputes that the parties' proof creates." *Surgitek*, 997 S.W.2d at 602–03. With the standard of review in mind, we now determine whether appellees satisfied each of the four requirements of section 15.003(a).

### 1. Joinder Proper under the Rules of Civil Procedure

▪ Appellants contend appellees failed to satisfy the first requirement under section 15.003(a) because joinder was improper under rule 40. Appellants argue "the nature of the claims in this case make clear that each 'complete medical bill' sent by [appellees] and paid by each [appellant] is a separate transaction from every other bill, even one sent by the same [appellee] to the same [appellant]."

▪ Rule 40 provides in part:
All persons may join in one action if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or *series of transactions* or occurrences and if any question of law or fact common to all of them will arise in the action.

Tex.R. Civ. P. 40(a) (emphasis added). This rule is flexible and comprehends a series of many occurrences logically related to one another. *See Blalock Prescription Ctr., Inc.*, 986 S.W.2d at 663. Further, to arise from the same series of transactions, at least some facts must be relevant to all claims asserted by appellees. *See id.*

Here, appellees are seeking a class certification under rule 42(b)(4) on behalf of approximately 20,000 health care providers in order to recover late interest payments. *See* Tex.R. Civ. P. 42(b)(4). Their third amended petition alleged a right to relief as to all appellants on behalf of the class because it stated that "the legal cause of each class members' loss was the [appellants'] act[s] of unlawfully refusing or failing to pay interest on all medical bills received and paid more than 60 days from receipt." We find appellees' petition established that their claims arose from the same series of transactions as contemplated by rule 40 because all appellees are seeking to recover statutory late fees from appellants for bills paid after sixty days from date of receipt. *See Blalock Prescription Ctr., Inc.*, 986 S.W.2d at 663. Accordingly, we conclude joinder was proper under the rules of civil procedure.

### 2. Unfair Prejudice

▪ Appellants argue that appellees failed to provide evidence that appellants

will not be unfairly prejudiced by maintaining venue in Cameron County because the affidavits submitted by Howell and Todd R. Richey[8] regarding unfair prejudice to appellants were made without personal knowledge. Howell's affidavit stated that "substantially all of the workers who were injured and treated by my clinic were injured and treated in Cameron County, Texas." Further, Howell stated that "it is the practice of the insurance carriers and third party administrators to periodically audit my clinic . . . . [and][t]he audits of my clinic by [appellants] occurred in Cameron County, Texas." Richey's affidavit stated "[t]he nature and injury for which remedy is sought (interest payment on claims for medical bills that have been paid on or after 60 days under the Texas Worker's Compensation System) is the same or substantially similar to the allegations made by Dr. Robert S. Howell D.C. and First Rio Valley Medical."

■ These affidavits, based on observations made by Howell and Richey, were made with personal knowledge and therefore competent evidence to establish prima facie proof of unfair prejudice. The trial court also had discretion to consider all available evidence to resolve the dispute including these affidavits. *See Surgitek,* 997 S.W.2d at 603. We therefore look to the record to determine what evidence established whether maintaining suit in the county unfairly prejudiced appellants.

The affidavits show two reasons why appellants would not be unfairly prejudiced by trying the claims in Cameron County. First, Howell's affidavit shows appellants regularly conducted business activities in Cameron County, Texas and, therefore had representatives in Cameron County. Richey's affidavit shows appellees' claims are based on the same wrongful conduct asserted by Howell and First Rio against appellants. Thus, appellants would be litigating the same claims and causes of action against appellees as they would against Howell and First Rio.

Second, the suit will proceed in Cameron County as to Howell and First Rio regardless of whether appellees were improperly joined because Howell and First Rio properly established venue under section 15.002. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002. Therefore, appellants' witnesses and representatives will be present in Cameron County to defend against Howell and First Rio. Under these facts, we find no unfair prejudice to appellants in maintaining suit in Cameron County because appellees assert the same claims and causes of actions that Howell and First Rio assert against appellants. *See Teco–Westinghouse Motor Co.,* 54 S.W.3d at 915 (finding no unfair prejudice to defendant where second plaintiff joined under 15.003 asserts same claims as plaintiff who properly established venue); *see also Adams,* 955 S.W.2d at 890 (same).

### 3. Essential Need to Try Claim in Cameron County

■ Appellants contend appellees failed to offer prima facie proof of an essential need to try the case in Cameron County. We disagree.

■ The third element of section 15.003(a) requires appellees to establish an essential need to have their claims tried in Cameron County. *See O'Quinn,* 77 S.W.3d at 451. To satisfy this requirement, a plaintiff "must show a compelling reason why they must be joined in that county, and not merely that they have an 'essential need' to join with the other plaintiffs in order to pool resources." *Am. Home Prods. Corp. v. Bernal,* 5 S.W.3d

8. Todd R. Richey is president of U.S. Imaging    and East Side Surgery Center.

344, 348 (Tex.App.-Corpus Christi 1999, no pet.).

The record shows that a suit seeking a class certification was also filed in Beaumont against appellants to recover late-interest fees. However, that suit was abated in order to allow this case to proceed. Forcing appellees to pursue their action in another court will give rise to yet a third class action in which they would likely seek class certification again. The entanglements between these three cases including the potential for inconsistent rulings on certification, inconsistent judgments, and inconsistent resulting obligations establishes an essential need to allow appellees to join suit in Cameron County.

### 4. Cameron County Is a Fair and Convenient Venue

Appellees were also required to establish that Cameron County is not a fair and convenient venue for themselves and appellants. However, for the same reasons that we find no unfair prejudice to appellants, we conclude that it is a fair and convenient venue for appellants to try this case in Cameron County. *See Teco–Westinghouse Motor Co.,* 54 S.W.3d at 918 ("This court has held that the evidence establishing absence of unfair prejudice will generally establish fairness and convenience."); *Adams,* 955 S.W.2d at 891.

### III. Conclusion

Our independent review of the records shows appellees were properly joined in the suit under section 15.003(a). Accordingly, the judgment of the trial court is affirmed.