COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
                                              13-02-278-CV
TEXAS MUTUAL INSURANCE CO., ET AL.,                     Appellants,
v.
EAST SIDE SURGERY CENTER, INC., ET AL.,                         Appellees.

 
13-02-354-CV

ACE MUTUAL INSURANCE CO., ET AL.,                         Appellants,

v.

EAST SIDE SURGERY CENTER, INC., ET AL., Appellees.  
                       On appeal from the 107th District Court
of Cameron County, Texas.



 O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

 Opinion by Chief Justice Valdez
          In appeal number 13-02-00278-CV, appellants, Texas Mutual Insurance Company,



et al.,


 challenge whether appellees


 were properly joined in the lawsuit under section
15.003(a) of the civil practices and remedies code.


 In appeal number 13-02-00354-CV,
appellants, Ace American Insurance Company, et al.,


 also challenge whether appellees
were properly joined under section 15.003 of the civil practice and remedies code. We
affirm. 
I. Facts and Procedural History
          Robert S. Howell, D.C., First Rio Valley Medical, P.A. (First Rio), and the eight
appellees are the plaintiffs in the underlying suit. Together, they filed suit in Cameron
County, Texas against appellants in appeal numbers 13-02-00278-CV and 13-02-00354-CV (hereinafter “appellants”) seeking a class certification under rule 42(b)(4) to recover
statutory late fees on behalf of approximately 20,000 medical service providers.


 
According to their third-amended petition, appellant-insurance companies failed to pay late
interest fees, in accordance with the worker’s compensation scheme, on medical bills 
submitted to appellants and paid after sixty days from the date of receipt. See Tex. Lab.
Code Ann. § 413.019 (Vernon 1996); see also 28 Tex. Admin. Code § 133.304(q) (2004)
(Tex. Workers’ Comp. Comm’n, Gen. Med. Provisions). 
          Only Howell and First Rio have their principal place of business in Cameron County,
Texas. Appellees are located in Harris County, Fort Bend County, and Bexar County,
Texas. Appellees’ petition stated that joinder was proper under 15.003(a). See Tex. Civ.
Prac. & Rem. Code Ann. § 15.003(a). Appellants, individually, filed numerous motions to
transfer venue and challenged whether appellees were properly joined under 15.003(a). 
See id. On March 7, 2002, the trial court held a hearing to consider the various motions
filed by appellants. During the hearing, the trial court heard arguments on motions to
transfer venue, motions to compel the production of tracking logs, and motions for a
continuance on the class certification hearing.
          After the hearing, additional motions were filed by appellants in cause number 13-02-00354-CV.


 However, on March 26, 2002, the trial court entered an order stating “that
when this court rules on the pending motions to transfer venue, which were argued on
March 7, 2002, the ruling . . . will be applicable to all pending motions filed by [appellants],
whether they were argued on March 7, 2002 or not.” On April 26, 2002, the trial court
determined venue was proper “in [Cameron County] as to Robert S. Howell, D.C., and First
Rio Valley, P.A. pursuant to Tex. Civ. Prac. & Rem. Code 15.002; and . . . [appellees] are
properly joined in this action pursuant to Tex. Civ. Prac. & Rem. Code 15.003.” Appellants
then filed these interlocutory appeals. Both appeals challenge the trial court’s ruling
regarding joinder on the same grounds. 
II. DISCUSSION
A. Standard of Review
          We review a trial court’s section 15.003(a) joinder decision by conducting a de novo
review of the entire record. Tex. Civ. Prac. & Rem. Code Ann. § 15.003©); Surgitek v.
Abel, 997 S.W.2d 598, 603 (Tex. 1999); Teco-Westinghouse Motor Co. v. Gonzalez, 54
S.W.3d 910, 913 (Tex. App.–Corpus Christi 2001, no pet.). An appellate court “is not
constrained solely to review the pleadings and affidavits, but should consider the entire
record, including any evidence presented at the hearing.” Surgitek, 997 S.W.2d at 603.
B. Analysis
          Section 15.003 is not a venue statute; it is a joinder statute. Surgitek, Inc. v. Adams,
955 S.W.2d 884, 887(Tex. App.–Corpus Christi 1997, pet. dism’d by agr.). It provides:
(a) In a suit where more than one plaintiff is joined each plaintiff must,
independently of another plaintiff, establish proper venue. Any person who
is unable to establish proper venue may not join or maintain venue for the
suit as a plaintiff unless the person, independently of any other plaintiff,
establishes that: 
 
(1) joinder or intervention in the suit is proper under the Texas Rules of Civil
Procedure;
 
(2) maintaining venue in the county of suit does not unfairly prejudice another
party to the suit;
 
(3) there is an essential need to have the person’s claim tried in the county
in which the suit is pending; and 
 
(4) the county in which suit is pending is a fair and convenient venue for the
person seeking to join in or maintain venue for the suit and the persons
against whom the suit is brought. 
 
Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a); see O’Quinn v. Hall, 77 S.W.3d 438, 451
(Tex. App.–Corpus Christi 2002, no pet.). 
          The plaintiff bears the burden to establish prima facie proof of each joinder element. 
Surgitek, 997 S.W.2d at 602-03; Teco-Westinghouse Motor Co., 54 S.W.3d at 913. All
properly pleaded venue facts are taken as true unless specifically denied by an opposing
party. Blalock Prescriptions Ctr., Inc. v. Lopez-Guerra, 986 S.W.2d 658, 662 (Tex.
App.–Corpus Christi 1998, no pet.). “[I]f the defendants offer no rebuttal evidence, the
inquiry is over . . . but if a defendant’s joinder evidence rebuts the plaintiff’s prima facie
proof, a trial court has discretion to consider all available evidence to resolve any disputes
that the parties’ proof creates.” Surgitek, 997 S.W.2d at 602-03. With the standard of
review in mind, we now determine whether appellees satisfied each of the four
requirements of section 15.003(a). 
1. Joinder Proper under the Rules of Civil Procedure
          Appellants contend appellees failed to satisfy the first requirement under section
15.003(a) because joinder was improper under rule 40. Appellants argue “the nature of
the claims in this case make clear that each ‘complete medical bill’ sent by [appellees] and
paid by each [appellant] is a separate transaction from every other bill, even one sent by
the same [appellee] to the same [appellant].” 
          Rule 40 provides in part: 
All persons may join in one action if they assert any right to relief jointly,
severally, or in the alternative in respect of or arising out of the same
transaction, occurrence, or series of transactions or occurrences and if any
question of law or fact common to all of them will arise in the action. 

Tex. R. Civ. P. 40(a) (emphasis added). This rule is flexible and comprehends a series of
many occurrences logically related to one another. See Blalock Prescription Ctr., Inc., 986
S.W.2d at 663. Further, to arise from the same series of transactions, at least some facts
must be relevant to all claims asserted by appellees. See id. 
          Here, appellees are seeking a class certification under rule 42(b)(4) on behalf of
approximately 20,000 health care providers in order to recover late interest payments. See
Tex. R. Civ. P. 42(b)(4). Their third amended petition alleged a right to relief as to all
appellants on behalf of the class because it stated that “the legal cause of each class
members’ loss was the [appellants’] act[s] of unlawfully refusing or failing to pay interest
on all medical bills received and paid more than 60 days from receipt.” We find appellees’
petition established that their claims arose from the same series of transactions as
contemplated by rule 40 because all appellees are seeking to recover statutory late fees
from appellants for bills paid after sixty days from date of receipt. See Blalock Prescription
Ctr., Inc., 986 S.W.2d at 663. Accordingly, we conclude joinder was proper under the rules
of civil procedure. 
2. Unfair Prejudice
          Appellants argue that appellees failed to provide evidence that appellants will not
be unfairly prejudiced by maintaining venue in Cameron County because the affidavits
submitted by Howell and Todd R. Richey


 regarding unfair prejudice to appellants were
made without personal knowledge. Howell’s affidavit stated that “substantially all of the
workers who were injured and treated by my clinic were injured and treated in Cameron
County, Texas.” Further, Howell stated that “it is the practice of the insurance carriers and
third party administrators to periodically audit my clinic . . . . [and] [t]he audits of my clinic
by [appellants] occurred in Cameron County, Texas.” Richey’s affidavit stated “[t]he nature
and injury for which remedy is sought (interest payment on claims for medical bills that
have been paid on or after 60 days under the Texas Worker’s Compensation System) is
the same or substantially similar to the allegations made by Dr. Robert S. Howell D.C. and
First Rio Valley Medical.” 
          These affidavits, based on observations made by Howell and Richey, were made
with personal knowledge and therefore competent evidence to establish prima facie proof
of unfair prejudice. The trial court also had discretion to consider all available evidence to
resolve the dispute including these affidavits. See Surgitek, 997 S.W.2d at 603. We
therefore look to the record to determine what evidence established whether maintaining
suit in the county unfairly prejudiced appellants. 
          The affidavits show two reasons why appellants would not be unfairly prejudiced by
trying the claims in Cameron County. First, Howell’s affidavit shows appellants regularly
conducted business activities in Cameron County, Texas and, therefore had
representatives in Cameron County. Richey’s affidavit shows appellees’ claims are based
on the same wrongful conduct asserted by Howell and First Rio against appellants. Thus,
appellants would be litigating the same claims and causes of action against appellees as
they would against Howell and First Rio.
          Second, the suit will proceed in Cameron County as to Howell and First Rio 
regardless of whether appellees were improperly joined because Howell and First Rio
properly established venue under section 15.002. See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.002. Therefore, appellants’ witnesses and representatives will be present in Cameron
County to defend against Howell and First Rio. Under these facts, we find no unfair
prejudice to appellants in maintaining suit in Cameron County because appellees assert
the same claims and causes of actions that Howell and First Rio assert against appellants. 
See Teco-Westinghouse Motor Co., 54 S.W.3d at 915 (finding no unfair prejudice to
defendant where second plaintiff joined under 15.003 asserts same claims as plaintiff who
properly established venue); see also Adams, 955 S.W.2d at 890 (same). 
3. Essential Need to Try Claim in Cameron County
          Appellants contend appellees failed to offer prima facie proof of an essential need
to try the case in Cameron County. We disagree.
          The third element of section 15.003(a) requires appellees to establish an essential
need to have their claims tried in Cameron County. See O’Quinn, 77 S.W.3d at 451. To
satisfy this requirement, a plaintiff “must show a compelling reason why they must be
joined in that county, and not merely that they have an ‘essential need’ to join with the
other plaintiffs in order to pool resources.” Am. Home Prods. Corp. v. Bernal, 5 S.W.3d
344, 348 (Tex. App.–Corpus Christi 1999, no pet.). 
          The record shows that a suit seeking a class certification was also filed in Beaumont
against appellants to recover late-interest fees. However, that suit was abated in order to
allow this case to proceed. Forcing appellees to pursue their action in another court will
give rise to yet a third class action in which they would likely seek class certification again. 
The entanglements between these three cases including the potential for inconsistent
rulings on certification, inconsistent judgments, and inconsistent resulting obligations
establishes an essential need to allow appellees to join suit in Cameron County. 
4. Cameron County Is a Fair and Convenient Venue
          Appellees were also required to establish that Cameron County is not a fair and
convenient venue for themselves and appellants. However, for the same reasons that we
find no unfair prejudice to appellants, we conclude that it is a fair and convenient venue for
appellants to try this case in Cameron County. See Teco-Westinghouse Motor Co., 54
S.W.3d at 918 (“This court has held that the evidence establishing absence of unfair
prejudice will generally establish fairness and convenience.”); Adams, 955 S.W.2d at 891.
III. Conclusion
          Our independent review of the records shows appellees were properly joined in the
suit under section 15.003(a). Accordingly, the judgment of the trial court is affirmed. 
           
 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed

this 15th day of July, 2004.