NUMBER 13-05-00090-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

RENZENBERGER, INC., THE BURLINGTON
NORTHERN AND SANTA FE RAILWAY COMPANY,
AND SAMUEL GRANT EVERSON,                                           Appellants,

v.

CORNELIOUS O’BRYANT, JR.,                                                   Appellee.
                                                                                                                       

On appeal from the 239th District Court of Brazoria County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before the Court En Banc



 Memorandum Opinion by Justice Hinojosa
Joined by Chief Justice Valdez and Justices Castillo and Wittig

          This is an accelerated interlocutory appeal under section 15.003(c) of the Texas
Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (Vernon
Supp. 2004-05). Appellants, Renzenberger, Inc. (“Renzenberger”), The Burlington
Northern and Santa Fe Railway Company (“BNSF”), and Samuel Grant Everson
(“Everson”), appeal from an order of the trial court denying their motion to transfer venue
and concluding that the joinder of appellee, Cornelious O’Bryant, Jr. (“O’Bryant”), in the
underlying lawsuit is proper. See Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a) (Vernon
Supp. 2004-05). We reverse and remand.
A. Background
          This case arises from an automobile accident that occurred in Milam County. 
O’Bryant and Randy Daniels (“Daniels”), another passenger in the vehicle, allege that they
sustained personal injuries in the accident. Both parties filed suit against appellants in
Brazoria County.
          O’Bryant and Daniels are railroad workers employed by BNSF. Their cause of
action arises under the Federal Employers’ Liability Act (“FELA”). See 45 U.S.C. § 51 et
seq. Suits brought under the FELA are subject to the mandatory venue provisions set forth
in section 15.018 of the civil practice and remedies code. Tex. Civ. Prac. & Rem. Code
Ann. § 15.018 (Vernon 2002). Section 15.018 provides, in relevant part:
(b)      All suits brought under the Federal Employers’ Liability Act . . . shall
be brought:
 
          (1)      in the county in which all or a substantial part of the events or
omissions giving rise to the claim occurred;
 
          (2)      in the county where the defendant’s principal office in this state
is located; or
 
          (3)      in the county where the plaintiff resided at the time the cause
of action accrued.
 
Tex. Civ. Prac. & Rem. Code Ann. § 15.018(b) (Vernon 2002).
          The petition filed by O’Bryant and Daniels asserts that venue is proper as to Daniels
under the FELA because he is a resident of Brazoria County. As to O’Bryant, the petition
asserts that venue is proper in Brazoria County pursuant to the joinder provisions of
section 15.003 of the civil practice and remedies code. Tex. Civ. Prac. & Rem. Code Ann.
§ 15.003 (Vernon Supp. 2004-05). Section 15.003 provides, in relevant part:
(a)      In a suit in which there is more than one plaintiff, whether the plaintiffs
are included by joinder, by intervention, because the lawsuit was
begun by more than one plaintiff, or otherwise, each plaintiff must,
independently of every other plaintiff, establish proper venue. If a
plaintiff cannot independently establish proper venue, that plaintiff's
part of the suit, including all of that plaintiff's claims and causes of
action, must be transferred to a county of proper venue or dismissed,
as is appropriate, unless that plaintiff, independently of every other
plaintiff, establishes that:
 
          (1)      joinder of that plaintiff or intervention in the suit by that plaintiff
is proper under the Texas Rules of Civil Procedure;
 
          (2)      maintaining venue as to that plaintiff in the county of suit does
not unfairly prejudice another party to the suit;
 
          (3)      there is an essential need to have that plaintiff's claim tried in
the county in which the suit is pending; and
 
          (4)      the county in which the suit is pending is a fair and convenient
venue for that plaintiff and all persons against whom the suit is
brought.
 
Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a) (Vernon Supp. 2004-05).
          Appellants filed a motion to transfer O’Bryant’s cause of action to Tarrant County,
the county in which the principal office of BNSF is located. Appellants specifically denied
O’Bryant’s assertion that venue was proper in Brazoria County under section 15.003 of the
civil practice and remedies code.
          O’Bryant filed a response with attached affidavits, deposition excerpts, and
responses to discovery requests. In the response, O’Bryant argued that he was properly
before the court in Brazoria County because he had established the four elements
necessary for joinder set forth in section 15.003(a). See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.003(a) (Vernon Supp. 2004-05).
          Appellants later filed a reply and attached the investigating police officer’s accident
report and an excerpt from the officer’s deposition. In the reply, appellants asserted that
pursuant to section 15.018, there are three counties of proper venue in this case: (1)
Milam, (2) Harris, and (3) Tarrant. See Tex. Civ. Prac. & Rem. Code Ann. § 15.018
(Vernon 2002). Appellants submitted the investigating police officer’s accident report and
deposition testimony as evidence that: (1) the accident occurred in Milam County and (2)
O’Bryant resided in Harris County at the time of the accident. Appellants requested the
transfer of O’Bryant’s cause of action to either Milam County, Harris County, or Tarrant
County. Following a hearing, the trial court denied appellants’ motion to transfer venue. 
This interlocutory appeal ensued.
B. Standard of Review
          We conduct an independent de novo review of the entire record of a trial court’s
section 15.003(a) joinder determination. Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c)(1)
(Vernon Supp. 2004-05); Am. Home Prods. v. Clark, 38 S.W.3d 92, 99 (Tex. 2000);
Surgitek v. Abel, 997 S.W.2d 598, 603 (Tex. 1999). In conducting this review, the
appellate court is not constrained solely to review the pleadings and affidavits, but should
consider the entire record, including any evidence presented at the hearing. Surgitek, 997
S.W.2d at 603. 
          The plaintiff bears the burden of proof to establish prima facie proof of each joinder
element. See id. at 602-03; Teco-Westinghouse Motor Co. v. Gonzalez, 54 S.W.3d 910,
913 (Tex. App.–Corpus Christi 2001, no pet.). If the defendant offers no rebuttal evidence,
the inquiry is over. Surgitek, 997 S.W.2d at 603. However, if the defendant’s joinder
evidence rebuts the plaintiff’s prima facie proof, the trial court has discretion to consider
all available evidence to resolve any disputes that the parties’ proof creates. Id. The trial
court has discretion to allow a broader range of proof in making a section 15.003(a) joinder
determination than it would in a venue hearing. Id. Specifically, a trial court may allow the
parties to offer testimony and may order limited discovery on the joinder elements if the trial
court believes it would be useful to its determination. Id.
C. Analysis
          Appellants contend that O’Bryant did not meet his burden of establishing all four
elements required by section 15.003(a) for joinder.


 See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.003(a) (Vernon Supp. 2004-05). Specifically, appellants argue that O’Bryant failed
to meet his burden of proving an “essential need” to have his case tried in Brazoria County. 
Because appellants concede that O’Bryant has satisfied elements (1), (2) and (4), we will
limit our review to element (3) of section 15.003(a). 
          The third element of section 15.003(a) requires that O’Bryant establish an essential
need to have his claim tried in Brazoria County. See Tex. Civ. Prac. & Rem. Code Ann. § 
15.003(a) (Vernon Supp. 2004-05); Surgitek, 997 S.W.2d at 604; Gonzalez, 54 S.W.3d at
915. To prove an essential need, he must show a compelling reason why he must be
joined in that county, and not merely that he has an essential need to join with Daniels in
order to pool resources. See Surgitek, 997 S.W.2d at 604; Gonzalez, 54 S.W.3d at 915. 
He must establish that it was “indispensably necessary” to try his claim in Brazoria County. 
See Surgitek, 997 S.W.2d at 604 (recognizing that the language of section 15.003 makes
the burden of proving proper joinder “very high”). 
          O’Bryant argues that he has an essential need to have his case tried in Brazoria
County because his key witness, Daniels, is only available to testify in Brazoria County.


 
The evidence offered by O’Bryant to establish his right to join the Brazoria County lawsuit
included his own affidavit, Daniels’ affidavit, the affidavit of his attorney, Everson’s
deposition, and responses made by BNSF and Renzenberger to requests for admission. 
           In his affidavit, O’Bryant says that Daniels is an indispensable witness because the
facts in Daniels’ case are the same facts in his case. In his affidavit, Daniels states that
as a result of the accident, he has had back surgery and is scheduled to have surgery on
his neck. Daniels states he is unable to work, his wife is providing for the family, and he
is assisting with the care of their children. Daniels states he does not have the money to
travel to Tarrant County and will not personally testify for O’Bryant if the case is moved to
Tarrant County, or any other county, other than Brazoria. Daniels also states that he
believes he is an indispensable witness for O’Bryant because he was in the passenger
seat of the van and can testify that Everson overcorrected the van, causing it to run off the
road. 
          The affidavit of O’Bryant’s attorney states that he represents both O’Bryant and
Daniels in their suit against appellants, the case involves the same facts and same causes
of action, and, with the exception of health care providers, he intends to present the same
evidence and witnesses for Daniels as he does for O’Bryant. He contends that Daniels is
an indispensable witness to O’Bryant’s case because he has knowledge regarding the
negligence of Renzenberger, weather and road conditions, and O’Bryant’s physical
condition before and after the accident. In the affidavit, he also states that trying both
cases in Brazoria County will preserve judicial resources, reduce litigation costs for all
parties, and eliminate the possibility of inconsistent judgments.
          In support of his argument that the unavailability of an indispensable witness
satisfies the “essential need” element of section 15.003, O’Bryant refers us to our opinion
in Teco-Westinghouse Motor Co. v. Gonzalez. In Gonzalez, we found that when an
indispensable witness, who worked in Monterrey, Mexico, could not be available for a trial
held away from the state border, an essential need existed to conduct the trial in Cameron
County. 54 S.W.3d at 915-17. Appellants counter that Gonzalez is distinguishable
because Cameron County was the only county that could provide Gonzalez with the
availability of his indispensable witness, whereas in the instant case, Brazoria County is
not the only county that can ensure the availability of O’Bryant’s indispensable witness.
          Appellants assert that, under the FELA, O’Bryant has three choices for proper
venue: (1) Milam County, where the accident occurred; (2) Tarrant County, where BNSF
has its principal place of business; or (3) Harris County, O’Bryant’s county of residence at
the time of the accident. See Tex. Civ. Prac. & Rem. Code Ann. § 15.018 (Vernon 2002). 
Appellants contend that Daniels’ affidavit declaring his unavailability fails to rise to the level
of prima facie evidence on the issue of unavailability. We agree.
          O’Bryant’s claim that he has an “essential need” to try his case in Brazoria County
is based on Daniels’ affidavit that he will not personally testify for O’Bryant if the case is
moved to Tarrant County, or any other county, other than Brazoria County. However, we
note that the Texas Rules of Civil Procedure authorize litigants to subpoena witnesses to
appear and give testimony at trial. See Tex. R. Civ. P. 176.2. A person may be required
by subpoena to appear in a county that is within 150 miles from where the person resides
or is served. See Tex. R. Civ. P. 176.3. Failure to obey a subpoena may be deemed
contempt of the court from which the subpoena is issued and may be punished by fine or
confinement, or both. See Tex. R. Civ. P. 176.8(a). Harris County and Milam County are
both within 150 miles from Pearland, Texas, the location of Daniels’ residence,


 and
O’Bryant has the ability to subpoena Daniels to appear at a trial in either one of these
venues. Although Daniels’ affidavit states that he will not appear in any other county,
except Brazoria, as a witness, he may be compelled to appear in another county pursuant
to rule 176.8(a) by the procurement of a writ of attachment. See Tex. R. Civ. P. 176.8(a).
          O’Bryant contends appellants waived the right to request that his case be
transferred to any county, other than Tarrant County, because they failed to properly
amend their motion to transfer venue. However, we note that in their reply, appellants
requested that O’Bryant’s cause of action be transferred to either Milam County, Harris
County, or Tarrant County, the three counties of proper venue under section 15.018 of the
civil practice and remedies code. Although the pleading was entitled “reply” as opposed
to “amended motion to transfer,” we look to the substance, not the caption, of a pleading
to determine its character. See Tex. R. Civ. P. 71; Surgitek, 997 S.W.2d at 701. The
substance of appellants’ request is clear: they sought to amend their motion to transfer
venue to include two additional counties. Furthermore, because appellants’ amended
motion was filed before the court ruled on the original motion to transfer venue, we
conclude that the amended motion was timely filed. See In re Pepsico, Inc., 87 S.W.3d
787, 794 (Tex. App.–Texarkana 2002, no pet.) (holding that “an original timely motion to
transfer venue may be amended to cure defects in the original motion if the amended
motion is filed before the trial court rules on the original motion, and that the properly filed
amended motion relates back to and supersedes the original motion to transfer venue.”). 
          Having reviewed the entire record, we conclude that O’Bryant failed to establish that
it was “indispensably necessary” to try his claim in Brazoria County. Daniels’ assertion that
he will only testify for O’Bryant if his case is tried in Brazoria County fails to rise to the level
of prima facie evidence on the issue of unavailability, the sole basis for O’Bryant’s essential
need to try his case in Brazoria County. Accordingly, we sustain appellants’ sole issue. 
 

          We reverse the trial court’s order denying appellants’ motion to transfer O’Bryant’s
cause of action and remand this case to the trial court for further proceedings.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Dissenting Memorandum Opinion by Justice Yañez
Joined by Justices Rodriguez and Garza
 
Memorandum Opinion delivered and filed this
the 9th day of June, 2005.